**Ex parte David Michael POWELL.**

**No. 56385.**

Court of Criminal Appeals of Texas.

Nov. 30, 1977.

---

John Judge, Amarillo, for appellant.

Tom A. Curtis, Dist. Atty. and Morris L. Overstreet, Asst. Dist. Atty., Amarillo, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from an order of the 181st District Court denying relief on petitioner's pretrial application for writ of habeas corpus. See Art. 44.34, V.A.C.C.P.

On March 3, 1977, petitioner was respondent in a hearing under V.T.C.A., Family Code Section 54.02 to determine whether the juvenile court should waive its exclusive original jurisdiction and transfer petitioner to the district court for criminal proceedings. The juvenile court did order such a transfer in an order entered March 4 that appears regular on its face. On September 16, 1977, petitioner filed his application in the district court, alleging errors in the juvenile court hearing in the admission of evidence, the sufficiency of findings of fact and the sufficiency of the evidence to support the findings. The amount of bail was also challenged as excessive. The amount was reduced and is not challenged in this Court.

At the outset we must determine whether habeas corpus jurisdiction should be exercised to review the matters asserted by petitioner as error in the juvenile court hearing.

Article 5, Section 8, of the Texas Constitution provides in part:

"The District Court . . . and the judges thereof, shall have power to issue writs of habeas corpus, mandamus, injunction and certiorari, and all writs necessary to enforce their jurisdiction."

See also Art. 11.05, V.A.C.C.P. From the district court's consideration of petitioner's habeas corpus application appeal was taken to this Court. Art. 44.34, V.A.C.C.P. The issue, then, is whether the district court properly entertained petitioner's claims relating to the juvenile court hearing.

Habeas corpus may be used to challenge any unlawful restraint. Art. 11.23, V.A.C.C.P.; *Ex parte Guzman*, Tex.Cr.App., 551 S.W.2d 387 (concurring opinion). It is also true, however, that habeas corpus may not be used as a substitute for appeal. *Mixon v. State*, Tex.Cr.App., 365 S.W.2d 364; *Ex parte Eldridge*, 154 Tex.Cr.R. 50, 224 S.W.2d 262; *Ex parte Loper*, 153 Tex.Cr.R. 240, 219 S.W.2d 81.

Petitioner here does not challenge the validity of the indictment (cf. *Ex parte Menefee*, No. 54780, October 5, 1977, pending on rehearing), nor does he contest probable cause (cf. *Ex parte Garcia*,

Tex.Cr.App., 547 S.W.2d 271). Neither is the facial validity of the order transferring jurisdiction challenged. He seeks instead a pre-trial review of the proceedings in the juvenile court. Cf. *Jackson v. State*, Tex. Cr.App., 548 S.W.2d 685. The Legislature has provided a statutory procedure for review of the issues petitioner seeks to raise by habeas corpus. V.T.C.A., Family Code Sec. 56.01 provides in part:

"(a) An appeal from an order of a juvenile of a juvenile court is to the Texas Court of Civil Appeals and the case may be carried to the Texas Supreme Court by writ of error or upon certificate, as in civil cases generally.

\*    \*    \*    \*    \*    \*

"(c) An appeal may be taken by or on behalf of the child from:

(1) an order entered under Section 54.02 of this code respecting transfer of the child to criminal court for prosecution as an adult,  .   .   ."

We hold the proper procedure for petitioner to secure review of the matters challenged here lies not in habeas corpus, but by statutory appeal in the civil courts system of this State under the above quoted provision of the Family Code. The record reveals that petitioner failed to perfect review under the State statutory procedure that was available to him.

While this Court's original habeas corpus jurisdiction is unlimited, *State v. Briggs*, 171 Tex.Cr.R. 479, 351 S.W.2d 892, and while regulatory legislative action is not required before this Court can exercise its habeas corpus powers, and is not capable of abolishing or restricting the substantive scope of those powers, *State ex rel. Wilson v. Harris*, Tex.Cr.App., 555 S.W.2d 470, 472, the exercise of our original habeas corpus jurisdiction is discretionary. *Ex parte Norvell*, Tex.Cr.App., 528 S.W.2d 129, 130.

In light of the available statutory appeals procedure through the civil courts, we hold that the district court should not have entertained the application for habeas corpus, and we decline to exercise our original habeas corpus jurisdiction. Accordingly, we order the application for habeas corpus be dismissed and petitioner be remanded to custody.

It is so ordered.