James A. GODDARD, Appellant,

v.

The STATE of Texas, Appellee.

No. 09 81 058 CR.

Court of Appeals of Texas,
Beaumont.

Dec. 9, 1981.

Rehearing Denied Jan. 7, 1982.

Discretionary Review Refused
March 31, 1982.

Charles Sexton, Orange, for appellant.

William Wright, County Atty., Orange, for appellee.

OPINION

KEITH, Justice.

This is an appeal from an order denying bail pending appeal. We deny the relief for want of jurisdiction.

On January 29, 1981, a hearing was held, wherein it was adduced that the appellant was convicted for theft on February 28, 1977. On May 18, 1978, appellant's probation for this offense was revoked and he was sentenced to prison. While out on parole for this offense, appellant was arrested for burglary of an automobile. On May 12, 1980, appellant was convicted for this offense and punishment was assessed at two years confinement. On October 29, 1980, the appellant was convicted for delivery of marihuana, an offense also committed while appellant was out on parole. Punishment was assessed at ten years confinement. Bail pending the appeal of this case was denied.

Appellant then perfected an appeal to the Court of Criminal Appeals from an order denying bail pending the appeal. On June 24, 1981, a panel of the Court of Criminal Appeals affirmed the judgment of the trial court denying bail. *James A. Goddard v. State*, No. 67,108. The mandate of the Court of Criminal Appeals was issued in due time.

The appeal from the judgment of the trial court in the basic appeal is presently pending in the Court of Criminal Appeals under Docket No. 68,567 and has not been reached for submission.

Notwithstanding the existence of the aforementioned facts, appellant's counsel instituted another habeas corpus proceeding in the trial court seeking his release upon bond pending appeal and a hearing was held on such application on September 25, 1981, when the application was denied.

Without advising this Court of the prior proceedings or that the cause was upon appeal to the Court of Criminal Appeals, appellant has prosecuted an appeal to this Court from the second order denying bail. We have searched diligently through the record and the brief filed by counsel for

some indication that an appeal was prosecuted to the Court of Criminal Appeals. The only indication we find in the record is a notation on the docket sheet.

At the time of the perfection of the appeal to the Court of Criminal Appeals, July 31, 1981, that Court had exclusive jurisdiction to hear and determine the merits, if any, of the appeal. *Constitution of Texas, Art. V, Sec. 5,* prior to the amendment to such section effective September 1, 1981.

It has long been the established rule that once jurisdiction attached in one court, it cannot be taken away or arrested by subsequent proceedings in another court. See generally, *Cleveland v. Ward,* 116 Tex. 1, 285 S.W. 1063, 1070 (1926). The Court of Criminal Appeals has exclusive jurisdiction over the appeal and all of the facets thereof. This Court has neither the power nor the desire—much less the intention—of infringing upon that exclusive jurisdiction.

Before dismissing this appeal for want of jurisdiction, we would be remiss if we failed to remind counsel that one of the duties he owes to the courts and opposing counsel is absolute candor. We could have been led, unwittingly, into a conflict with another court had we not discovered, on our own initiative, the pendency of the prior appeal. We do not lightly condone such conduct.

The appeal is dismissed for want of jurisdiction.