OPINION
WARREN, Justice.
This is an appeal from a judgment awarding appellee approximately $42,000 in workers’ compensation benefits.
In seven points of error, appellant: (1) complains of the court’s adding the phrase “full time” in a special issue asking whether appellant had worked 210 days in the same class of employment during the year preceding the injury; (2) contends that the evidence was insufficient to support the jury’s negative answer to the issue; and (3) claims the court erred in refusing to allow appellant to introduce appellee’s negative answer to appellant’s request for admission asking her to admit that she did not work *401 for the same or similar employer 210 days prior to the accident.
The main problem involved in this case is the correct method of submitting wage rate in a workers’ compensation case when the claimant is a part time employee.
The main question for our determination is whether the term “day,” as used in Tex. Rev.Civ.Stat.Ann. art. 8309, sec. 1 (Vernon 1967), means a full eight hour day or whether it means any day on which an employee worked, regardless of the number of hours.
Appellee was employed as a part-time night supervisor at Foley’s Department Store. Normally she worked four hours a day, four days a week. On December 23, 1981, appellee slipped and fell on the floor at Foley’s and injured her back, suffering injuries that later required surgery.
The record reflects that appellee had worked only five or ten full, eight hour days during the one year immediately preceding her injury on December 23. The testimony of Foley’s payroll records custodian showed that appellee had worked at least 240 four hour days during the same period of time. The payroll records custodian also testified that another supervisor, Linda Glazier, worked full-time at Foley’s and worked approximately 281 days during the year preceding appellee’s injury. Ms. Glazier’s hourly wage rate for the days she actually worked during that period was $5.40.
In his charge to the jury, the trial judge submitted the following special issue number four:
Q Do you find that Dolores J. Richards had worked full time in the same class of employment in which she was working on December 23, 1981, whether for the same employer or not, for at least 210 days of the year immediately preceding such date?
Answer: “Yes” or “No.”
If the jury answered “Yes,” they were then instructed to answer special issue number five, which required the jury to compute Dolores Richards’ average daily wage from the days she actually worked in the year immediately preceding her injury. If the jury answered “No” to special issue number four, they were instructed to answer special issue number six, which read as follows:
Do you find that another employee of the same class as Dolores Richards worked at least 210 days of the year immediately preceding December 23, 1981 in the same or similar employment and in the same or a neighboring place?
“Class” refers to the type of employment, but not the manner of wage computation.
Answer: “Yes” or “No.”
An affirmative finding to this special issue then required the jury to answer special issue number seven and find the average daily wage that the other employee of the same class earned during the days he or she actually worked in the year preceding appellee’s injury. The trial judge overruled the appellant’s objection to the inclusion of the phrase “full time” in the wording of special issue number four.
After the jury answered “No” to special issue number four, they then found that another employee of the same class, Linda Glazier, had worked 210 days during the relevant period at an average daily wage of $44.51.
We would agree with all appellant’s contentions urged in its first six points of error, if there had been a fact issue on whether appellee had worked 210 days during the year preceding injury. But we are of the opinion that no fact issue was raised and special issue four should not have been submitted at all.
The evidence was undisputed that appel-lee was a part-time employee, whose employment required her to work fewer hours than those usually required of a full-time employee. The dispute was over what comprised a “day,” rather than the number of days worked or the hours worked during those work days.
The relevant part of the workers’ compensation reads as follows:
*402 “Average weekly wages” shall mean:
(1) If the injured employee shall have worked in the employment in which he was working at the time of the injury, whether for the same employer or not, for at least two hundred ten (210) days of the year immediately preceding the injury, his average weekly wage shall consist of three hundred (BOO) times the average daily wage or salary which he shall have earned during the days that he actually worked in such year, divided by fifty-two (52).
(2) If the injured employee shall not have worked in the employment in which he was working at the time of the injury, whether for the same employer or not, for at least two hundred ten (210) days of the year immediately preceding the injury, his average weekly wage shall consist of three hundred (300) times the average daily wage or salary which an employee of the same class, working at least two hundred ten (210) days of such immediately preceding year, in the same or in a similar employment, in the same or a neighboring place, shall have earned during the days that he actually worked in such year, divided by fifty-two (52).
(3) When by reason of the shortness of the time of the employment of the employee, or other employee engaged in the same class of work in the manner and for the length of time specified in the above Subsections 1 and 2, or other good and sufficient reasons, it is impracticable to compute the average weekly wages as above defined, it shall be computed by the Board in any manner which may seem just and fair to both parties, as of the date of injury.
Tex.Rev.Civ.Stat.Ann. art. 8309, sec. 1 (Vernon 1967).
We are of the opinion that where the employment agreement requires an employee to work less than full days, as worked by fellow workers doing the same or a comparable class of work, average weekly wage of the “part-time” employee should be determined by the method prescribed in art. 8309, sec. 1(2); and if that method is not available, then by using the method prescribed in art. 8309, sec. 1(3).
In cases involving part-time employees, courts have held that the employee is compensated not for loss of earnings, but for loss of earning capacity at a wage rate based on his or her capacity to earn when employed on a full-time basis. Texas Employers Insurance Association v. Clack, 134 Tex. 151, 132 S.W.2d 399 (1939); Lubbock Independent School District v. Bradley, 579 S.W.2d 78 (Tex.Civ.App.-Amarillo 1979, writ ref’d n.r.e.). Texas Employers Insurance Association v. Thrash, 136 S.W.2d 905 (Tex.Civ.App.—El Paso 1940, writ dism’d judgmt. cor.); Maryland Casualty Co. v. Drummond, 114 S.W.2d 356 (Tex.Civ.App.—Beaumont 1938, writ ref’d).
Further, the fact that an employee is permitted to work only part of a day on certain days will not authorize the counting of part days as whole days, thereby reducing his average daily wage. Texas Employers' Insurance Association v. Long, 180 S.W.2d 629 (Tex.Civ.App.—Austin 1944, writ ref’d w.o.m.).
In Bradley, 579 S.W.2d at 81, and in Maryland Casualty Co. v. Stevens, 55 S.W.2d 149 (Tex.Civ.App.—Eastland 1932, writ ref’d), the courts held that the loss of earning capacity would not be shown by the amount received from a single employer for only a part-time service in which a lower wage was paid because of that fact.
We overrule each of appellant’s points of error pertaining to the trial court’s submission of special issue number four.
We also overrule appellant’s sixth point of error, which urges that there was no evidence to support the submission of special issue number six.
Under this point of error, appellant argues that the evidence established as a matter of law that appellee worked at least 210 days in her part-time job with Foley’s, so it was improper for the court to submit special issue number six, inquiring whether there was another employee of the same class as appellant who worked at least 210 days of the year immediately preceding the *403 date of the accident in the same or similar employment. We have previously discussed the needlessness of submitting special issue number four and the correctness of submitting the case as it was submitted thereafter. We hold that there was evidence to support the submission of special issue number six.
In app Plant’s final point of error, it contends that the trial court erred in refusing the appellant permission to read into the evidence the claimant's response to request for admission question number 21. In the request for admissions, the claimant was asked to admit or deny the questions posed to her. The request for admission 21 asked appellee to admit or deny: “That you did not work for the same or similar employer 210 days prior to the incident made the basis of this lawsuit.” The claimant answered “Denied.” The claimant did not ask the court for permission to withdraw or amend her response. The appellant argues that the claimant's negative response to a negative question creates an affirmative judicial admission. The appellant relies on a case where an insurance carrier denied that the plaintiff had worked in the same employment for the employer for at least 210 days of the year preceding the injury. Texas Employers Insurance Association v. Miller, 596 S.W.2d 621 (Tex.Civ.App.-Waco 1980, no writ). The court held that the carrier’s response to the request for admission essentially admitted that “average weekly wages” could not be computed under the first two methods of art. 8309, sec. 1. Id. at 625. However, in Miller, the court said the evidence was undisputed that Mr. Miller did not work as much as 210 days during the preceding year or that there was any employee of the same class who did. Id. at 625. In our case, the issue of the meaning of “day” is disputed, and under the existing facts created a question of law, which is not a proper subject of inquiry under Tex.R.Civ.P. 169. Appellant’s seventh point of error is overruled.
In a cross-point of error, appellee asks that a penalty be assessed against the appellant for bringing a frivolous appeal. We do not consider the appeal to be frivolous; therefore, we overrule the cross-point.
Affirmed.