M.B., a Juvenile, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–95–00140–CV.

Court of Appeals of Texas,
El Paso.

Aug. 3, 1995.

Kristina K. Voorhies, El Paso, for appellant.

Jose R. Rodriguez, County Atty., El Paso, for appellee.

Before BARAJAS, C.J., and LARSEN, McCLURE and CHEW, JJ.

## *OPINION*

LARSEN, Justice.

M.B., a juvenile, appeals from the trial court's order denying his application for writ of habeas corpus.[1] Presently pending before us is M.B.'s motion to consolidate review of this appeal with an appeal pending in cause number 08–94–00191–CV. The latter proceeding is the direct appeal from a judgment adjudicating M.B. a delinquent child and a dispositional order of commitment to the Texas Youth Commission assessing a twenty-five year determinate sentence. TEX.FAM. CODE ANN. §§ 54.03 and 54.04 (Vernon Supp. 1995). We deny the motion to consolidate, overruling dicta contained in *Torres v. State*, 804 S.W.2d 918 (Tex.App.—El Paso 1990, pet. ref'd) (opin. on rehearing). We dismiss the attempted appeal for want of jurisdiction.

### *JURISDICTION OF APPEAL FROM DENIAL OF HABEAS CORPUS RELIEF*

■ According to M.B.'s motion to consolidate, the trial court signed its judgment and

disposition order on March 30, 1994. M.B. perfected his direct appeal in cause number 08–94–00191–CV on June 27, 1994.[2] In that direct appeal, M.B. has raised a point of error alleging ineffective assistance of counsel at trial. M.B. asserts that the record on direct appeal contains no evidence of trial counsel's strategy, and is therefore inadequate for reviewing his ineffective assistance claim. On March 13, 1995, M.B. filed an application for writ of habeas corpus for the express purpose of making an additional record on the issue of ineffective assistance of counsel. Although the trial court declined to issue the writ, it held a hearing on April 6, 1995. M.B.'s appellate counsel examined trial counsel at the hearing concerning his representation of M.B. at trial. The trial court denied the writ application by written order on April 7, 1995.[3] M.B. takes this appeal from the order denying the requested relief.

### *JUVENILE'S RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL*

In our prior M.B. opinion, we did not reach the question whether a juvenile is entitled to the effective assistance of counsel in cases alleging delinquent conduct. *M.B.*, 894 S.W.2d at 83 n. 2. To effectively address the jurisdictional and consolidation issues, however, we must reach a conclusion on this threshold issue.

■ A juvenile is guaranteed all the constitutional rights which an adult would have in a criminal proceeding, because the juvenile delinquency procedures seek a deprivation of liberty. *C.E.J. v. State*, 788 S.W.2d 849, 852 (Tex.App.—Dallas 1990, writ denied); see TEX.FAM.CODE ANN. § 51.01 (Vernon 1986). These constitutional rights

---

1. This Court previously dismissed the appeal from an order of the trial court denying M.B.'s first writ application. See *M.B. v. State*, 894 S.W.2d 82 (Tex.App.—El Paso 1995, no writ). After dismissal of the appeal, M.B. filed a second writ application which is the subject of this appeal. Both writ applications were filed in cause number 15,711, which is also the underlying cause number from which the direct appeal is taken.

2. We may not consider the appellate record in the direct appeal in deciding the issues raised by this appeal. *Jones v. State*, 711 S.W.2d 634, 636

n. 1 (Tex.Crim.App.1986); *Garza v. State*, 622 S.W.2d 85, 89 (Tex.Crim.App.1981); *Miracle v. State*, 604 S.W.2d 120, 123 (Tex.Crim.App.1980).

3. During the pendency of this appeal, the trial court entered an order clarifying its prior order, specifically denying the merits of the writ application. The trial court's failure to issue the writ of habeas corpus prior to the hearing on the application does not deprive this Court of jurisdiction, since the trial court reached the merits of the writ application and denied the requested relief. *Ex parte Hargett*, 819 S.W.2d 866, 868 (Tex.Crim.App.1991).

include the right to counsel. TEX.FAM.CODE ANN. § 51.10(a) (Vernon 1986) (child may be represented by an attorney at every stage of proceedings under Title 51); TEX.FAM.CODE ANN. § 51.10(f) (Vernon 1986) (child is entitled to court-appointed counsel if indigent); see TEX.FAM.CODE ANN. § 51.10(b)(2), (3) (Vernon 1986) (right to counsel may not be waived in an adjudication hearing under § 54.03 or a disposition hearing under § 54.04); TEX.FAM.CODE ANN. § 51.09(b) (Vernon Supp.1995) (child must waive right to counsel in order for statement to be admissible). The right to counsel is the right to effective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674, 692 (1984); *McMann v. Richardson,* 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763, 773 (1970). Accordingly, we hold that a juvenile is entitled to the effective assistance of counsel, and its lack may serve as the basis for reversal of an adjudication of delinquency. M.B. has therefore raised cognizable claims of ineffective assistance in both his habeas proceeding and in his direct appeal.

### JURISDICTION OF APPEAL FROM DENIAL OF HABEAS CORPUS RELIEF WHEN JUVENILE POSSESSES ADEQUATE REMEDY AT LAW

An appeal may be taken by or on behalf of a child from an order entered under § 54.03 of the Family Code with regard to delinquent conduct and an order entered under § 54.04 disposing of the case. TEX.FAM.CODE ANN. § 56.01(c)(1)(B), (C) (Vernon Supp.1995).

■ The issue of ineffective assistance of counsel may be raised in a direct appeal. *Bowler v. State,* 822 S.W.2d 334, 335 n. 1 and n. 2 (Tex.App.—San Antonio 1992, pet. ref'd). M.B. is exercising his statutory right to pursue such an appeal in cause number 08–94–00191–CV, and he has raised the issue of ineffective assistance of counsel in that appeal.

■ If the record does not support appellant's claim of ineffective assistance of counsel, however, it cannot be adequately explored on direct appeal. *Bowler,* 822 S.W.2d at 335 n. 1; see also *Jackson v. State,* 877 S.W.2d 768, 772 (Tex.Crim.App.1994) (Baird, J. concurring). In such a case, the contention is best raised in a habeas corpus proceeding. *Id.* The writ of habeas corpus, "the great writ," is the remedy to be used by any person[4] restrained in his or her liberty. TEX.CODE CRIM.PROC.ANN. art. 11.01 (Vernon 1977); *Ex parte Hargett,* 819 S.W.2d at 867. The great writ is an order from a judge commanding a party, who is alleged to be restraining the applicant in some way, to appear before the court with the person complaining of restraint. There, the custodian must explain the reasons for the restraint, and if the reasons do not pass legal muster, the individual must be released. *Ex parte Hargett,* 819 S.W.2d at 868; see TEX.CODE CRIM.PROC.ANN. art. 11.01 (Vernon 1977). A juvenile, just as any other person, may challenge a restraint upon his or her liberty by filing an application for writ of habeas corpus in the proper court. See e.g., *In re Torres,* 476 S.W.2d 883 (Tex.Civ.App.—El Paso 1972, no writ).

M.B. filed his application for writ of habeas corpus in the district court pursuant to Article V, § 8 of the Texas Constitution. This article grants Texas district courts plenary power to grant writs of habeas corpus. *Ex parte Hargett,* 819 S.W.2d at 867.

■ The writ of habeas corpus is an extraordinary remedy, too serious and important a matter to be lightly regarded or easily abused. *Ex parte Emmons,* 660 S.W.2d 106, 110 (Tex.Crim.App.1983); *Guzman v. State,* 841 S.W.2d 61, 65 (Tex.App.—El Paso 1992, pet. ref'd). Habeas corpus may not be used as a substitute for appeal. *Ex parte Hopkins,* 610 S.W.2d 479, 480 (Tex.Crim.App.1980); *Ex parte Powell,* 558 S.W.2d 480, 481 (Tex.Crim.App.1977); *Bennet v. State,* 818 S.W.2d 199, 200 (Tex.App.—Houston [14th Dist.] 1991, no pet.); *Saucedo v. State,* 795 S.W.2d 8, 9 (Tex.App.—Houston [14th Dist.] 1990, no pet.). Though the rule is not absolute, it will be followed unless good

---

4. The Penal Code defines "person" to mean an individual, corporation or association. TEX.PENAL CODE ANN. § 1.07(a)(38) (Vernon 1994). "Individual" means a human being who has been born and is alive. TEX.PENAL CODE ANN. § 1.07(a)(26) (Vernon 1994).

cause is shown to deviate from it. *Ex parte Hopkins,* 610 S.W.2d at 480; *Bennet,* 818 S.W.2d at 200; *Saucedo,* 795 S.W.2d at 9. Neither a trial court nor an appellate court, either in the exercise of original or appellate jurisdiction, may entertain an application for writ of habeas corpus where there is an adequate remedy at law. *Ex parte Groves,* 571 S.W.2d 888, 890 (Tex.Crim.App.1978); *Guzman,* 841 S.W.2d at 65; *Ex parte Benavides,* 801 S.W.2d 535, 537 (Tex.App.—Houston [1st Dist.] 1990, writ dism'd w.o.j.).

The Court of Criminal Appeals applied this rule in *Ex parte Powell* and declined to consider a juvenile's habeas corpus appeal, finding there was an adequate remedy by direct appeal. In that case, the juvenile court entered an order waiving its exclusive original jurisdiction and transferring Powell to the district court. Powell failed to perfect an appeal from that order. Subsequently, he filed an application for writ of habeas corpus in the district court. When the court denied relief on the application, Powell appealed to the Court of Criminal Appeals. The Court held that in light of the statutory appellate procedure available to Powell, the district court should not have entertained the application for habeas corpus. *Powell,* 558 S.W.2d at 482. For the same reason, the Court declined to exercise its habeas corpus jurisdiction to hear the appeal. *Id.*

■ We find that *Powell* controls here. Because M.B. has a statutory appellate procedure available in which to raise his ineffective assistance claim, the district court should not have considered the merits of the application for habeas corpus or held an evidentiary hearing. Likewise, this Court should not entertain an appeal from that proceeding. Accordingly, we dismiss this appeal for want of jurisdiction.

### MOTION TO CONSOLIDATE

■ Having concluded that we lack jurisdiction of this appeal, we would normally consider moot M.B.'s motion to consolidate this habeas corpus appeal with the direct appeal. We note, however, that M.B. has filed two applications for writ of habeas corpus in this cause, appealing each time from their denial. M.B. is pursuing this course in

an effort to supplement the record on direct appeal, as suggested by this Court in *Torres v. State,* 804 S.W.2d 918 (Tex.App.—El Paso 1990, pet. ref'd) (opin. on rehearing). After determining that we lacked jurisdiction in the first appeal for procedural reasons, we declined to address the issue presented by the motion to consolidate. We find ourselves in a similar position now. We find it troubling that the very basis for our conclusion that we lack jurisdiction of this appeal illustrates the flaw in the procedure suggested in *Torres,* yet the mootness doctrine would prohibit our review of this matter. The Court has before it at least one other appeal in the same posture. Consequently, we find that this matter is "capable of repetition yet evading review," an exception to the mootness doctrine. See *General Land Office of the State of Texas v. OXY USA, Inc.,* 789 S.W.2d 569, 571 (Tex.1990); *Bejarano v. Hunter,* 899 S.W.2d 346 (Tex.App.—El Paso 1995, orig. proceeding); *Click v. Tyra,* 867 S.W.2d 406, 408 (Tex.App.—Houston [14th Dist.] 1994, no writ) (opin. on rehearing). We will therefore address the issues raised by M.B.'s motion to consolidate, and the procedure he is seeking to follow, undeniably suggested to practitioners by this Court in *Torres.*

### THE TORRES CASE

In *Torres,* a criminal case, the appellant sought abatement of his appeal and remand of the case to the trial court to develop a record supporting his claim of ineffective assistance of counsel. *Torres,* 804 S.W.2d at 919. We denied his request on the grounds that it would enlarge or extend our appellate jurisdiction by extending the time limits for perfecting the direct appeal. *Id.* at 920. At the conclusion of the opinion, in dicta, the Court suggested the following as a method of supplementing the record in the direct appeal:

> Appellant could proceed with his direct appeal, unabated, raising such points of error as are justified by the record. He may concurrently initiate a writ of habeas corpus action in the trial court (not post-final conviction since the appeal is still pending) to pursue the making of an additional record on the issue of ineffective

assistance of counsel. Should he encounter an unfavorable result in the trial court, his recourse is appeal to this Court, accelerated due to the habeas corpus nature of the proceeding. He could at that point move reasonably for a consolidation review of the two appellate matters.

*Torres,* 804 S.W.2d at 920. We now conclude, for several reasons, that this procedure is impermissible.

By simultaneously pursuing direct appeal and the habeas corpus proceeding now before us, M.B. is attempting both direct and collateral attacks on the trial court's judgment on the same ground, ineffective assistance of counsel. The sole purpose for the habeas corpus proceeding is to supplement the record on direct appeal with evidence that is not a part of that appellate record. As we have already held, the trial court should not entertain habeas corpus proceedings on issues before another court on direct appeal. Thus, the procedure suggested in *Torres* is simply unavailable where an appellant has the opportunity to raise the same claim by direct appeal.

We find the procedure suggested in *Torres* is untenable for a more fundamental reason. The district court's constitutional authority to issue the writ of habeas corpus does not authorize it to interfere with the exercise of jurisdiction by this Court. At the time M.B. perfected his direct appeal, June 27, 1994, this Court obtained exclusive jurisdiction over the appeal of the trial court's judgment and disposition order. TEX. CONST. Art. V, § 6; TEX.FAM.CODE ANN. § 56.01(a) (Vernon Supp.1995). See *Goddard v. State,* 626 S.W.2d 145 (Tex.App.—Beaumont 1981, pet. ref'd) (where defendant's direct appeal was pending in Court of Criminal Appeals, Court of Appeals would not consider appeal from trial court's denial of habeas corpus because to do so would infringe upon exclusive jurisdiction of Court of Criminal Appeals). By

considering a collateral attack upon the judgment and disposition order during the pendency of a direct appeal from the same rulings, the trial court impermissibly interfered with our jurisdiction. See *Goddard,* 626 S.W.2d at 145–46. We hold that *Torres* is in error for suggesting that a district or county court may consider a writ application during the pendency of the direct appeal arising out of the same cause, as such a procedure violates the exclusive jurisdiction doctrine.[5]

Finally, to the extent *Torres* purports to create, outside of the rules of appellate procedure, a method for supplementing the appellate record with materials that were not properly before the trial court, it must be abandoned. Any supplementation of the appellate record must be done in accordance with the rules of appellate procedure. Those rules do not contemplate supplementation of the appellate record with matters outside the record of what occurred in the trial court. See TEX.R.APP.P. 50, 54, 55.

■■■ For these reasons, we overrule that dicta in *Torres* stating a person may supplement the appellate record by pursuing a writ of habeas corpus contemporaneously with his direct appeal, then moving to consolidate the two appeals. Accordingly, M.B.'s motion to consolidate is denied.[6]

### CONCLUSION

We deny M.B.'s motion to consolidate his habeas corpus proceeding with the direct appeal of his juvenile case. We dismiss the habeas corpus proceeding for lack of jurisdiction, as an adequate remedy by appeal exists.

---

**5.** We note that recently passed legislation concerning death penalty appeals does provide for simultaneous pursuit of direct appeal and habeas corpus attack. Tex.S.B. 440, 74th Leg., R.S. (1995). These provisions are limited strictly to death penalty cases, however, and have no application here. Moreover, as the Court of Criminal Appeals has exclusive jurisdiction over both di-

rect and collateral attack in death penalty cases, exclusivity of jurisdiction is not an issue there.

**6.** Our holding should not be in any way construed as foreclosing M.B.'s right to pursue an application for writ of habeas corpus upon the conclusion of his direct appeal.