CV5-403 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00403-CV







John B. Konek and David R. Postlewait, Appellants



v.



Bob Bullock, Lieutenant Governor, and Dan Morales, Attorney General, Appellees








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT


NO. 94-13473, HONORABLE JOSEPH H. HART, JUDGE PRESIDING








PER CURIAM



 Appellants John B. Konek and David R. Postlewait appeal from the trial-court
order dismissing their declaratory judgment action as frivolous. Tex. Civ. Prac. & Rem. Code
Ann. § 13.001(a)(2) (West Supp. 1996) (the Code). (1) We will affirm the trial-court order.




Background


 Appellants' declaratory-judgment action sought to declare void Senate Bill 34,
enacting the 1974 Penal Code, (2) based on a claim that the caption of Senate Bill 34 was defective. 
Appellants are incarcerated in the Texas Department of Criminal Justice, Institutional Division. 
Each was convicted and sentenced under the 1974 Penal Code. Appellees moved to dismiss the
litigation as frivolous on several bases. The trial court order granted the motion and dismissed
the cause. (3)

 The appellate court reviews a dismissal under section 13.001(a)(2) using an abuse
of discretion standard. Pedraza v. Tibbs, 826 S.W.2d 695, 698-99 (Tex. App.--Houston [1st
Dist.] 1992, writ dism'd w.o.j.); Johnson v. Peterson, 799 S.W.2d 345, 346 (Tex. App.--Houston
[14th Dist.] 1990, no writ). A trial court abuses its discretion when it acts in an arbitrary and
unreasonable manner, or when it acts without reference to any guiding principles. Beaumont
Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991); Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241-42 (Tex. 1985). A trial court may dismiss an action as frivolous at any
time. Code, § 13.001(c); Kendrick v. Lynaugh, 804 S.W.2d 153, 154 (Tex. App.--Houston [14th
Dist.] 1990, no writ). A court may dismiss without affording the pauper notice or an opportunity
to amend. Peterson, 799 S.W.2d at 347. It may dismiss without a hearing, except when a
dismissal requires fact-finding to dismiss under the "no arguable basis in fact" prong of section
13.001(b)(2). Thomas v. Holder, 836 S.W.2d 351, 352 (Tex. App.--Tyler 1992, no writ); 
Houston Dairy, 813 S.W.2d at 239.

Improper Use of Declaratory Judgment


 The trial court lacked jurisdiction to grant declaratory relief. A civil court has
jurisdiction to declare constitutionally invalid and enjoin the enforcement of a criminal statute only
when (1) there is evidence that the statute at issue is unconstitutionally applied by a rule, policy,
or other noncriminal means subject to a civil court's equity powers and irreparable injury to
property or personal rights is threatened, or (2) the enforcement of an unconstitutional statue
threatens irreparable injury to property rights. State v. Morales, 869 S.W.2d 941, 942 (Tex.
1994). "A naked declaration as to the constitutionality of a criminal statute alone, without a valid
request for injunctive relief, is clearly not within the jurisdiction of a Texas court sitting in
equity." Id. at 942; see also Malone v. City of Houston, 278 S.W.2d 204, 206 (Tex. Civ.
App.--Galveston 1955, writ ref'd n.r.e.). When a question involving the ordinary enforcement of
a criminal statute can be resolved in any criminal proceeding that may be instituted and vested
property rights are not in jeopardy, there is no occasion for the intervention of equity. Passel v.
Fort Worth Indep. Sch. Dist., 440 S.W.2d 61, 63 (Tex. 1969); Crouch v. Craik, 369 S.W.2d 311,
315 (Tex. 1963).

 Appellants have brought a declaratory judgment action that falls squarely within
the prohibition enunciated in Morales. They simply seek a "naked declaration" of the
constitutionality of the collection of criminal statutes expressed in the Penal Code. We need not
consider the problem raised by the attempted use of a declaratory judgment to declare rights
concerning past events, i.e., their convictions.

 Appellants also seek the wrong form of relief. Although they styled their action
below as a declaratory judgment, it is in effect an attack on their conviction or sentences based
on the claimed constitutional invalidity of the 1974 Penal Code. For example, plaintiffs' original
petition states that they: "further seek Declaratory relief in having this Court define Plaintiff's
[sic] legal rights and damages incurred upon Plaintiffs due to their wrongful incarceration from
the wrongful prosecution by the defendants and their political subdivisions as stated above."

 A writ of habeas corpus is the remedy available to a person who claims unlawful
restraint of liberty due to the denial of a fundamental or constitutional right. Ex parte Lyles, 891
S.W.2d 960, 961 (Tex. Crim. App. 1995); Tex. Code Crim. Proc. Ann. art. 11.01 (West 1977). 
An attack on the fact or duration of one's confinement is properly the subject of a suit for habeas
corpus. Plaintiffs should have brought their action in the form of a post-conviction habeas corpus
proceeding. Ex parte Brown, 662 S.W.2d 3, 4 (Tex. Crim. App. 1983)(procedure outlined in
article 11.07 of the Code of Criminal Procedure is exclusive post-conviction remedy); Tex. Code
Crim. Proc. Ann. art. 11.07 (West Supp. 1996). Of course, appellants have also demonstrated
no reason why this issue could not have been raised in a direct appeal from their convictions. Ex
parte Powell, 558 S.W.2d 480, 481 (Tex. Crim. App. 1977) (habeas not substitute for appeal).

 We have discussed at least two bases for holding that the trial court did not abuse
its discretion in dismissing the cause. We need not discuss any of the other possible bases raised
in the motion, such as whether appellants sued the proper parties. We affirm the trial-court order.


Before Chief Justice Carroll, Justices Jones and B. A. Smith

Affirmed

Filed: February 7, 1996

Do Not Publish
1. Appellants are incarcerated in the Texas Department of Criminal Justice, Institutional
Division. We note that statutory provisions specifically covering inmate litigation have been
enacted. Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-14.014 (West Supp. 1996). These
provisions, however, apply only to causes of action that accrued on or after the effective date of
the act, June 8, 1995. Act of May 19, 1995, 74th Leg., R.S., ch. 378, § 10, 1995 Tex. Gen.
Laws 2927. 
2. Penal Code, 63d Leg., R.S., ch. 399, § 1, 1973 Tex. Gen. Laws 883-996 (effective January
1, 1974). We note that the Penal Code has now been amended and re-enacted. Penal Code, 73d
Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586.
3. We will assume that the cause was dismissed under Code § 13.001(b)(2) for having no
arguable basis in law or fact. For a discussion of the viability of the other two prongs of
§ 13.001(b) see Johnson v. Lynaugh, 796 S.W.2d 705, 706 (Tex. 1990); Spellmon v. Sweeney,
819 S.W.2d 206, 208 (Tex. App.--Waco 1991, no writ); Birdo v. Ament, 814 S.W.2d 808, 809-10
(Tex. App.--Waco 1991, writ denied); McDonald v. Houston Dairy, 813 S.W.2d 238, 239 (Tex.
App.--Houston [1st Dist.] 1991, no writ).