No. 04-01-00095-CV


In re Edwin Carl DEBROW



Original Mandamus Proceeding

Arising from 73rd Judicial Court, Bexar County, Texas

Trial Court No. 1991-JUV-01209

Honorable Andy Mireles, Judge Presiding

PER CURIAM


Sitting: Phil Hardberger, Chief Justice

 Alma L. López, Justice

 Karen Angelini, Justice


Delivered and Filed: February 14, 2001


PETITION FOR WRIT OF MANDAMUS DENIED


 On January 31, 2001, the relator, Edwin Carl Debrow, petitioned this court for a writ of
mandamus. The relator stated in his petition that he had applied for a writ of habeas corpus under
article 11.07 of the Code of Criminal Procedure, and complained that the trial court had not ruled
on his application. Article 11.07, however, does not apply to juvenile dispositions. See Tex. Code
Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2000) (stating that application under this article applies
when applicant seeks relief from a felony judgment); see Tex. Fam. Code Ann. 54.02(h) (stating
that criminal proceedings against juvenile certified to stand trial as an adult will be governed by
Code of Criminal Procedure) (Vernon Supp. 2000). Instead, article V, section 8 of the Texas
constitution applies to an application for writ of habeas corpus in a proceeding under the juvenile
justice code. Tex. Const. art. V, § 8; see M.B. v. State, 905 S.W.2d 344,346 (Tex. App.-El Paso
1995, no pet.) (considering appeal of trial court's ruling on juvenile's application for writ of habeas
corpus filed pursuant to article V, section 8 of Texas constitution). Consequently, a district judge is
not required to consider an application for a writ of habeas corpus under article 11.07 filed by a
juvenile not certified to stand trial as an adult. In addition, under the rules of appellate procedure,
a petition for a writ of mandamus must be supported by an appendix containing the documents the
court needs to make a determination. See Tex. R. App. P. 52(j). The relator's petition does not
comply with the rules of appellate procedure. See id. R. 52. Accordingly, the petition for writ of
mandamus is DENIED. Tex. R. App. P. 52.8(a). 


 PER CURIAM

DO NOT PUBLISH