NO. 12-03-00094-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


§
 



IN RE: K. T.,
§
 ORIGINAL PROCEEDING

A JUVENILE 


§
 






 MEMORANDUM OPINION


 On March 28, 2002, Relator K.T. was found to be "a child engaged in delinquent
conduct/conduct indicating a need for supervision" and placed on probation. On June 24, 2002, the
trial court found that Relator had violated the conditions of her probation and signed an order
committing her to the Texas Youth Commission ("TYC"). On March 28, 2003, Relator filed a
petition for writ of habeas corpus requesting that this court order her discharge from TYC. In her
petition, Relator alleges that her commitment to TYC was unlawful because prior to her
commitment, she had not been previously twice adjudicated for a misdemeanor as required by
section 54.05 of the Texas Family Code.

 A juvenile may challenge a restraint upon his or her liberty by filing an application for writ
of habeas corpus in the proper court. M.B. v. State, 905 S.W.2d 344, 346 (Tex. App.- El Paso 1995,
no pet.). However, habeas corpus may not be used as a substitute for appeal. Id. Section 56.01 of
the Family Code provides that an appeal may be taken from an order entered under section 54.05
regarding modification of a previous juvenile court disposition. Tex. Fam. Code Ann. §
56.01(c)(1)(C) (Vernon 2002). Therefore, the proper procedure for Relator to seek review of the trial
court's order committing her to TYC is by a statutory appeal. (1) See Ex parte Powell, 558 S.W.2d
480, 482 (Tex. Crim. App. 1977) (statutory procedure for challenging order regarding transfer of
child to criminal court for prosecution as adult is proper procedure for seeking review); M.B., 905
S.W.2d at 347 (statutory procedure for raising ineffective assistance of counsel precludes
consideration of petition for writ of habeas corpus). 

 Habeas corpus cannot be used to litigate matters which should have been raised on direct
appeal. See Powell, 558 S.W.2d at 482. Accordingly, Relator's petition for writ of habeas corpus
is denied.


 SAM GRIFFITH 

 Justice



Opinion delivered March 31, 2003.

Panel consisted of Worthen, C.J. and Griffith, J.











(PUBLISH)












1. Relator's petition does not indicate whether she attempted to perfect an appeal within the time specified in
Texas Rule of Appellate Procedure 26.1.