

**IN THE**
**TENTH COURT OF APPEALS**

_____

**No. 10-11-00407-CV**

**IN RE J.C.L., A JUVENILE**

_____

**Original Proceeding**

## MEMORANDUM OPINION

In this mandamus proceeding, we are asked to determine whether the respondent, Judge Robert Stem of the 82nd Judicial District Court, abused his discretion in detaining relator, J.C.L, pursuant to section 54.01 of the family code. *See* TEX. FAM. CODE ANN. § 54.01 (West 2008). For the reasons stated herein, we deny relator's petition for writ of mandamus.[1]

### I. BACKGROUND

J.C.L. is a sixteen-year-old who was charged with criminally-negligent homicide based upon his involvement in a one-car accident that resulted in the death of another minor, C.N.J. *See* TEX. PENAL CODE ANN. § 19.05 (West 2011).

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so.").

Approximately six months after the accident, on October 18, 2011, the State filed its "Original Adjudication Petition Alleging Delinquent Conduct." In that petition, the State alleged that J.C.L. "did then and there by criminal negligence, unlawfully cause the death of an individual, [C.N.J.], by operating a motor vehicle and failing to control speed, failing to maintain a single lane of traffic[,] and failing to maintain control of said vehicle."

On October 24, 2011, the trial court conducted a hearing pursuant to section 54.01 of the family code. *See* TEX. FAM. CODE ANN. § 54.01. At this hearing the State called three witnesses to testify, though J.C.L. did not call any. At the conclusion of the hearing, the trial court concluded that J.C.L. should be detained for ten days because he "may be dangerous to himself or threaten the safety of the public if released."[2] Also included with the trial court's order were several findings.

On October 26, 2011, J.C.L. filed a petition for writ of mandamus in this Court, seeking to have the detention order reversed and to be released into the care, custody, and control of his parents. In addition to his mandamus petition, J.C.L. filed a "Motion for Temporary Relief Pursuant to Rule 52.10" and a "Motion for Expedited Review." On the same day, we requested a response from real party in interest, the State. *See* TEX. R. APP. P. 52.4. The State filed its response to J.C.L.'s mandamus petition on October 28, 2011.

---

[2] Despite the trial court's finding, the Reporter's Record does not contain any evidence whether or not J.C.L. has a valid driver's license, is currently driving, or has driven an automobile since the day of the accident.

## II. STANDARD OF REVIEW

Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion when there is "no adequate remedy by appeal." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (citations omitted). "A trial court has no 'discretion' in determining what the law is or applying the law to the facts." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). "Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Id.* (citations omitted). And, generally speaking, an adequate legal remedy exists if the relator is able to raise the issue on appeal. *See id.* However, in some extraordinary cases, an appellate remedy may be adequate when any benefits to mandamus review are outweighed by the detriments. *See In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 462 (Tex. 2008) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. Moreover, a relator has the burden of providing this Court with a sufficient record to establish his right to mandamus relief. *See id.* at 837; *see also* TEX. R. APP. P. 52.3, 52.7.

We recognize that juvenile cases are generally governed by the civil rules. *See In re M.R.*, 858 S.W.2d 365, 366 (Tex. 1993); *see also Ex parte Valle*, 104 S.W.3d 888, 890 (Tex. Crim. App. 2003) (en banc). Texas courts have held that detention orders under section 54.01 of the family code are interlocutory in nature and are not appealable. *See In re M.C.*, 915 S.W.2d 118, 119 (Tex. App.—San Antonio 1996, no writ) (citing *In re J.L.D.*, 704 S.W.2d 395, 396 (Tex. App.—Corpus Christi 1985, no writ)); *see also* TEX. FAM. CODE ANN. § 56.01 (West Supp. 2010) (outlining the rights to appeal in juvenile cases). However, we are aware that J.C.L. filed an application for writ of habeas corpus in the

trial court on October 25, 2011, the status of which is unknown. *See* TEX. FAM. CODE ANN. § 51.04 (stating that the juvenile court generally has exclusive original jurisdiction over all proceedings involving a child's delinquent conduct).

The writ of habeas corpus, "the great writ," is the remedy to be used by any person restrained in his or her liberty. *See* TEX. CODE CRIM. PROC. ANN. art. 11.01 (West 2005); *see M.B. v. State*, 905 S.W.2d 344, 346 (Tex. App.—El Paso 1995, no writ). "The great writ is an order from a judge commanding a party, who is alleged to be restraining the applicant in some way, to appear before the court with the person complaining of the restraint." *M.B.*, 905 S.W.2d at 346. "There, the custodian must explain the reasons for the restraint, and if the reasons do not pass legal muster, the individual must be released." *Id.* "A juvenile, just as any other person, may challenge a restraint upon his or her liberty by filing an application for writ of habeas corpus in the proper court." *Id.* (citing *In re Torres*, 476 S.W.2d 883, 884 (Tex. App.—El Paso 1972, no writ)); *see* TEX. CONST. art. V, § 6 (stating that courts have jurisdiction, original and appellate, as may be prescribed by law).

We believe that J.C.L. has adequate remedies other than mandamus relief to challenge his detention, including an appeal to this court in the event that the trial court denies his pre-adjudication habeas corpus petition. *See Ex parte Valle*, 104 S.W.3d at 890 ("The appeal procedures in the Juvenile Justice Code do 'not limit a child's right to obtain a writ of habeas corpus.' We have held that Article V, section 8 of the Texas Constitution gives the district court plenary power to issue the writ of habeas corpus."); *Harbison v. McMurray*, 138 Tex. 192, 158 S.W.2d 284, 287 (1942); *In re S.G.*, 935 S.W.2d

919, 923 (Tex. App.—San Antonio 1996, no writ); *In re M.C.*, 915 S.W.2d at 119 (holding that jurisdiction established because juvenile's appeal was not from a temporary detention order but from the denial of habeas corpus relief); *see also In re L.L.*, No. 04-03-00895-CV, 2003 Tex. App. LEXIS 10272, at *2 (Tex. App.—San Antonio Dec. 10, 2003, orig. proceeding) (mem. op.) (per curiam) ("Although we do not have original habeas jurisdiction to consider a trial court's detention order, we would have jurisdiction to consider an appeal from a trial court's ruling on the merits of a habeas application challenging a juvenile detention order.").[3]  In fact, in his mandamus petition, J.C.L. seeks the same relief as would be afforded if his habeas corpus petition was granted.

Furthermore, in his mandamus petition, J.C.L. does not cite to authority holding that a party does not have an adequate appellate remedy in a case such as this—where a pre-adjudication habeas corpus application has been filed in the trial court.  He also does not cite any cases where a juvenile filed a writ of mandamus in order to secure his release from detention.

Based on the foregoing, we conclude that J.C.L. has not presented us with a record to determine that he lacks an adequate remedy by appeal and is thereby entitled to mandamus relief.  *See Walker*, 827 S.W.2d at 837; *see also* TEX. R. APP. P. 52.3, 52.7.  We therefore deny J.C.L.'s mandamus petition.[4]

---

[3] We do recognize that other courts have held to the contrary.  *See In re J.L.D.*, 704 S.W.2d 395, 396 (Tex. App.—Corpus Christi 1985, no writ); *Stephenson v. State*, 515 S.W.2d 362, 363 (Tex. Civ. App.—Dallas 1974, writ dism'd); *Mendoza v. Baker*, 319 S.W.2d 147, 148-51 (Tex. Civ. App.—Houston [1st Dist.] 1958, no writ).  However, we decline to follow the holdings of these courts.

[4] We dismiss as moot all remaining motions that are pending.

AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Denied
Opinion delivered and filed October 28, 2011
[OT06]