**Ex parte Vincent Calvin HOPKINS aka Vincent Hopkins Calvin.**

**No. 64172.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 1, 1980.

Charles Rice Young, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and James C. Brough, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

---

## OPINION ON STATE'S MOTION TO REINSTATE APPEAL

CLINTON, Judge.

This particular proceeding was initiated by application for writ of habeas corpus filed after indictment but before trial. It is one of several proceedings involving petitioner that began after his January 26, 1979 arrest upon a charge of murder. A juvenile at the time the offense is alleged to have been committed, petitioner was immediately caught up in Family Code proceedings, especially those mandated by V.T.C.A. Family Code, Chapter 54. The maze that was soon created by the parties and affected courts is described in the opinion in Cause No. 17630 in the Texas Court of Civil Appeals for the First Supreme Judicial District filed July 17, 1980, styled Vincent Calvin Hopkins aka Vincent Hopkins Calvin vs. The State of Texas, to which we shall later advert.

The nub of the problem is that while transfer orders of the juvenile court were being contested on appeal the criminal district court proceeded as if the last one, October 18, 1979, were entirely valid. Thus, an indictment was returned and petitioner was remanded to the custody of the Sheriff of Harris County. This development prompted the instant application for habeas corpus filed January 31, 1980 and denial of relief February 5, 1980, followed by appeal to this Court.

Trial on the indictment started the following day and on February 13, 1980 petitioner was found guilty by a jury which assessed punishment at forty years confinement. Petitioner then obtained an order from the trial court consolidating the habeas matter with the conviction for appellate purposes, and with the State presented in this Court a joint motion to dismiss his appeal from denial of relief in the habeas proceeding. In a per curiam opinion handed down May 21, 1980, a panel of the Court ordered that appeal dismissed—not on the reasons advanced in joint motion, but on the ground that pendency of the appeal from judgment of conviction rendered the habeas appeal moot.

Then came the opinion and judgment of the Court of Civil Appeals. For reasons stated therein, and we need not reiterate them, the opinion concludes:

"The transfer order of October 18, 1979, is reversed and this cause is remanded to the family district court of Harris County for a jury hearing on the issue of whether V.C.H. is at present fit to proceed to trial, and if so, for a new transfer hearing."

Mandate of the Court of Civil Appeals issued September 2, 1980.

Meanwhile, August 21, 1980, acting alone this time, *the State* moved to reinstate the appeal of petitioner in the habeas matter. It informs us that the objective is to have this Court decide now whether at the time the application of writ of habeas corpus was filed, January 31, 1980, the criminal district court had "jurisdiction to try [petitioner] as an adult;" and thereby obviate the delay in reaching that issue on direct appeal from the judgment of conviction. But the Court is not persuaded.

■ The rule applied by the panel in dismissing the appeal in May is so often stated and steadfastly followed that authority for it is rarely cited: Habeas corpus will not lie as a substitute for an appeal. Even though the rule is not absolute, *Ex parte Groves*, 571 S.W.2d 888, 890 (Tex.Cr.App. 1978), in the posture of this matter there are good reasons to adhere to it. That is, upon the full record and with briefs of the parties before it the criminal district court will have the occasion to perform its duty, Article 40.09, § 12, V.A.C.C.P., to determine the very issue the State would have this Court decide, perhaps prematurely. Moreover, with the mandate of the Court of Civil Appeals extant, changes in circumstances bearing on the matter may well occur—indeed, if they have not already—that will be more conveniently and appropriately examined and evaluated by the trial court and the parties. We are not disposed to deviate from the settled rule.

■ The State's motion to reinstate the appeal in this cause is denied.