**Alan Joel GORMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–96–01131–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

April 17, 1997.

Edward M. Chernoff, Houston, for Appellant.

Alan Curry, Houston, for Appellee.

Before WILSON, MIRABAL and TAFT, JJ.

**OPINION**

WILSON, Justice.

This is an appeal from the trial court's denial of pre-trial habeas corpus relief. Appellant, Alan Joel Gorman, successfully challenged his administrative license revocation after having been arrested for driving while intoxicated (DWI). From the administrative

judge's favorable ruling on an ultimate fact issue, appellant invoked collateral estoppel to attack the second paragraph of his DWI indictment making the same allegation. The trial court denied relief. We decide whether habeas corpus relief is available to challenge one paragraph of a two-paragraph indictment. We affirm the trial court's denial of relief.

In his sole point of error, appellant contends the trial court erred in denying appellant's writ of habeas corpus because the doctrine of collateral estoppel precludes the State from litigating an issue already decided in appellant's favor at a driver's license suspension hearing. The issue in question is whether appellant was operating a motor vehicle in a public place with an alcohol concentration of 0.10 in his breath. The administrative judge held the Department of Public Safety had not proved the issue by a preponderance of the evidence. The State has made the same allegation in the second paragraph of appellant's DWI indictment. Appellant acknowledges case law rejecting similar claims. *See Neaves v. State,* 767 S.W.2d 784 (Tex.Crim.App.1989); *Holmberg v. State,* 931 S.W.2d 3 (Tex.App.—Houston [1st Dist.] 1996, no pet.); *Ex parte Ayers,* 921 S.W.2d 438 (Tex.App.—Houston [1st Dist.] 1996, no pet.). Appellant argues this case is different because the administrative judge was authorized by statute to make a finding against driving while intoxicated as an ultimate fact.[1]

The State, however, raises a threshold issue that a challenge to only one paragraph of a two-paragraph indictment cannot afford habeas corpus relief. The State argues appellant is not pursuing the purpose of the writ of habeas corpus, which is to challenge the lawfulness of his confinement. Rather, appellant's attack is limited to one paragraph of the indictment so that it is more in the nature of a motion to quash that paragraph.

"The writ of habeas corpus is not available to secure a judicial determination of any question which, even if determined in the prisoner's favor, would not result in his immediate discharge." *Ex parte Ruby,* 403 S.W.2d 129, 130 (Tex.Crim.App.1966); *Ex parte Benavides,* 801 S.W.2d 535, 537 (Tex. App.—Houston [1st Dist.] 1990, writ dism'd w.o.j.). Even were we to grant appellant's requested relief, precluding his prosecution on the allegation in the second paragraph of the indictment, appellant would continue to be restrained by an indictment with an unchallenged paragraph alleging another mode of DWI. Therefore, habeas corpus relief is not available to appellant under these circumstances.

Accordingly, we affirm the trial court's order denying appellant habeas corpus relief.

---

1. We note that our sister court in Amarillo has addressed this identical issue on the merits. *See Ex parte Pipkin,* 935 S.W.2d 213 (Tex.App.—Amarillo 1996, pet. filed).