TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00080-CR







Ex Parte Eldon Alt







FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY


NO. 459,996, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING






 Appellant, Eldon Alt, appeals the denial of his petition for writ of habeas corpus. Alt
contends that the doctrine of collateral estoppel bars relitigation of the issue of probable cause to arrest in
a pretrial motion to suppress hearing following a prior determination of this issue in a license suspension
proceeding. We hold that habeas corpus is the improper vehicle for raising such a claim and, therefore,
will affirm the order denying relief.


FACTS


 On June 1, 1996, an officer stopped Alt for exhibition of acceleration and unsafe speed
in a 15 m.p.h. zone. After observing Alt, the officer arrested him for driving while intoxicated ("DWI"). (1) 
Alt requested a license suspension hearing pursuant to chapter 524 of the Texas Transportation Code. See
Tex. Transp. Code Ann. § 524.035 (West 1998). (2) Both sides were represented by counsel throughout
the hearing. Although the arresting officer did not testify at the hearing, the officer's probable cause affidavit
was introduced. At the conclusion of the hearing, the administrative law judge ("ALJ") denied the petition
of the Department of Public Safety to suspend Alt's license, finding that there was no or insufficient
evidence to prove probable cause to arrest.

 The State then proceeded with its criminal case, filing DWI charges against Alt in a county
court at law. See Tex. Penal Code Ann. § 49.04(a) (West 1994 & Supp. 1998). (3) Alt filed both a motion
to suppress evidence obtained from his arrest and a petition for writ of habeas corpus. Alt does not claim
that he cannot be prosecuted for DWI. Instead, in his petition seeking the writ, Alt claims that the Double
Jeopardy Clause of the United States Constitution, which encompasses the doctrine of collateral estoppel,
prevents the relitigation of the issue of probable cause to arrest at a pretrial hearing on the motion to
suppress evidence. The trial court held a hearing at which Alt chose to argue only his petition for writ of
habeas corpus. When the trial court denied relief, Alt declined to proceed with the hearing on the motion
to suppress, instead electing to appeal the denial of habeas relief. The record does not indicate that a
hearing on the motion to suppress was ever held or that the trial court has ever ruled on the admissibility
of the evidence in question.

 In his sole point of error, Alt contends that the trial court erred by refusing to grant him
habeas corpus relief from litigating the issue of probable cause to arrest at the suppression hearing because
he claims the State is collaterally estopped from relitigating the question following the administrative hearing
in which the same issue was found adversely to the State. We will overrule his point of error.


STANDARD OF REVIEW


 The burden of establishing entitlement to habeas corpus relief is clearly upon the writ
applicant. Ex parte Kimes, 872 S.W.2d 700, 703 (Tex. Crim. App. 1993); Ex parte Maldonado, 688
S.W.2d 114, 116 (Tex. Crim. App. 1985). The decision of the trial court to grant or deny habeas corpus
relief is a matter of discretion, and the exercise of that discretion will not be disturbed on appeal unless it
evidences clear abuse. Ex parte Ayers, 921 S.W.2d 438, 440 (Tex. App.--Houston [1st Dist.] 1996,
no pet.). Evidence of clear abuse is shown where the trial court acts without reference to any guiding
principles or rules. Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990).


ANALYSIS


 The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution
states that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." 
U.S. Const. amend. V. Included in the Fifth Amendment guarantee against double jeopardy, the doctrine
of collateral estoppel directs that "when an issue of ultimate fact has once been determined by a valid and
final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." Ashe
v. Swenson, 397 U.S. 436, 443 (1970). In a recent opinion, the Texas Court of Criminal Appeals
addressed the expansive protection of criminal collateral estoppel. See State v. Aguilar, 947 S.W.2d 257
(Tex. Crim. App. 1997). 

 In Aguilar, the defendant was arrested for operating a motor vehicle while intoxicated and
refused to provide a breath sample. (4) After receiving notice of the suspension of his license, the defendant
requested an administrative hearing. The municipal court failed to find the officer had probable cause to
arrest him and refused to suspend the defendant's license. The State then filed criminal charges against the
defendant. At a pretrial hearing on defendant's motion to suppress all evidence resulting from the arrest,
the defendant argued that the critical issue of probable cause could not be relitigated under the doctrine of
collateral estoppel in light of the previous determination at the administrative hearing. Agreeing with the
defendant, the trial court granted the motion to suppress. On appeal by the State, the appellate court
reversed, holding that the defendant failed to establish the elements necessary to invoke the doctrine of
collateral estoppel and that the existence of probable cause, the issue relevant to the pretrial hearing, had
not been resolved at the administrative hearing.

 In its decision, the Texas Court of Criminal Appeals dispelled the notion that collateral
estoppel could not be invoked between administrative or civil proceedings and criminal prosecutions. The
court plainly stated that "it is of no consequence to the analysis of the case at bar that a license revocation
proceeding is deemed 'administrative.'" Aguilar, 947 S.W.2d at 259. Furthermore, "whether a factual
finding made pursuant to a prior 'administrative' or 'civil' proceeding creates a collateral bar to a contrary
factual finding in a later proceeding is determined on a case by case basis." Id. The court then set forth
the elements a defendant must establish to support collateral bar: (1) a full hearing at which the parties had
an opportunity to thoroughly and fairly litigate the relevant fact issue; (2) the fact issue must be the same
in both proceedings; and (3) the fact finder must have acted in a judicial capacity. Id. at 259-60. Finding
that there was no evidence of either an opportunity to fairly litigate the probable cause issue or of identical
fact issues, the court held that the defendant in Aguilar failed to demonstrate the requisite elements to
support the claim of collateral estoppel and affirmed the judgment of the appellate court.

 Applying the principles set forth in Aguilar, the mere fact that an issue such as probable
cause is first determined at an administrative hearing does not prevent collateral estoppel from barring
relitigation of that issue at a subsequent criminal proceeding. (5) Thus, we must determine next if Alt
established the requisite elements necessary to invoke the doctrine.

 At the hearing on Alt's petition, the State and Alt entered into a stipulation of facts which
was admitted into evidence as Defendant's Exhibit 1. Among other things, the State and Alt agreed that
the hearing on the merits of the affidavit purporting to show probable cause, held pursuant to the Texas
Transportation Code, was presided over by an administrative law judge acting in her official and judicial
capacity and that both the State and Alt were given a full and fair opportunity to litigate the issue of whether
probable cause existed to arrest Alt. Moreover, the parties stipulated that the issue of probable cause to
arrest Alt was found adversely to the State and in favor of Alt in a final administrative judgment not
appealed by the Department of Public Safety. With these stipulations, Alt established the requirements
necessary to invoke collateral estoppel.

 Our inquiry, however, cannot end there due to the procedural differences between Aguilar
and the present case. Unlike Aguilar, in which the trial court ruled on the motion to suppress, here there
has been no hearing on the motion to suppress or ruling on the admissibility of evidence. More significantly,
this case is before us on appeal of a denial of a writ of habeas corpus, whereas Aguilar was before the
court of criminal appeals on an appeal of the trial court's ruling on the motion to suppress. Consequently,
this case diverges from Aguilar and requires continued analysis, namely whether habeas corpus can
provide the requested relief of barring relitigation of the probable cause issue at a pretrial suppression
hearing.

 The writ of habeas corpus is an extraordinary remedy, too serious and important a matter
to be lightly regarded or easily abused. See Ex parte Emmons, 660 S.W.2d 106, 110 (Tex. Crim. App.
1983); M.B. v. State, 905 S.W.2d 344, 346 (Tex. App.--El Paso 1995, no pet.). It is available only
when there is no other adequate remedy at law. Tex. Code Crim. Proc. Ann. art. 11.01 (West 1989); Ex
parte Drake, 883 S.W.2d 213, 215 (Tex. Crim. App. 1994). The writ is not to be used as a substitute
for appeal. Ex parte Powell, 558 S.W.2d 480, 481 (Tex. Crim. App. 1977); Ex parte Puckett, 274
S.W.2d 696 (Tex. Crim. App. 1954). Nor is it to be used as a declaratory tool. Puckett, 274 S.W.2d
at 697 (court's duty in habeas corpus cases is not to enter declaratory judgment but is confined to a
determination of whether the restraint and imprisonment are illegal). Due to the unique nature of the
remedy, habeas corpus relief is underscored by elements of fairness and equity. Drake, 883 S.W.2d at
215.

 While a pretrial writ of habeas corpus is the appropriate remedy to review a double
jeopardy claim, Stephens 806 S.W.2d at 814; Ex parte Robinson, 641 S.W.2d 552, 555 (Tex. Crim.
App. 1982), Alt is not arguing, and could not successfully argue, that the administrative determination of
probable cause precludes his subsequent criminal prosecution. (6) Instead, he argues only that the previous
determination of probable cause at the administrative hearing collaterally estops the State from relitigating
this issue at the pretrial suppression hearing. However, the writ is not available to secure a judicial
determination of any question which, even if decided in the applicant's favor, could not result in his
immediate discharge. See Ex parte Ruby, 403 S.W.2d 129, 130 (Tex. Crim. App. 1966); Gorman v.
State, 945 S.W.2d 275, 276 (Tex. App.--Houston [1st Dist.] 1997, no pet.). The relief Alt seeks from
this Court is a ruling to ensure that collateral estoppel is invoked and applies to prevent the relitigation of
the issue of probable cause at the suppression hearing. Even if we were to grant Alt's requested relief, Alt
would continue to be restrained by a valid information and complaint. Any relief afforded Alt still could not
secure his release from custody. Under these circumstances, the trial court did not abuse its discretion in
refusing to grant relief.


CONCLUSION


 Finding that the trial court did not abuse its discretion in denying habeas relief, we overrule
Alt's sole point of error and affirm the order of the trial court.



 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: January 8, 1998

Publish

1. According to one of the findings of fact in the Administrative Decision, Alt submitted to and failed
the breath test.
2. At the time of the hearing, the 1996 version of the Transportation Code was in effect. Finding
no substantive changes between the 1996 and 1998 versions, we will reference the 1998 code for
convenience.
3. Although Alt was charged under the 1996 law, we find no substantive change between the 1996
and 1998 penal code sections and will reference the 1998 penal code for simplicity.
4. Unlike the defendant in Aguilar, Alt submitted to and failed a breath test. As such, Alt's case
is governed by Chapter 524 of the Texas Transportation Code, which addresses administrative suspension
of a driver's license for failure to pass the test due to intoxication. A different section of the code applies
to those like Aguilar who refuse to submit a specimen. See Tex. Transp. Code Ann. §§ 724.031-.048
(West 1998). The latter chapter includes a section entitled Relationship of Administrative Proceeding to
Criminal Proceeding. See Tex. Transp. Code Ann. § 724.048 (West 1998). This section provides that:
(a) the determination of the department or administrative law judge: (1) is a civil matter; (2) is independent
of and is not an estoppel as to any matter in issue in an adjudication of a criminal charge arising from the
occurrence that is the basis for the suspension or denial; and (3) does not preclude litigation of the same
or similar facts in a criminal prosecution. In Aguilar, the court of criminal appeals noted that such language
was not in effect at the time the offense was committed. We are left to infer that, had this provision been
in effect, the outcome of Aguilar might have remained the same while the reasoning changed. Although
the legislature could have included a similar provision, the pertinent code chapter that governs Alt's case,
Chapter 524, does not contain such language. The code makes clear that § 724.048 applies only to cases
of suspension for refusal to submit to the taking of a specimen. See Tex. Transp. Code Ann. § 724.002
(West 1998). 
5. While the court of criminal appeals does not address it, we question whether collateral estoppel
applies to a pretrial motion to suppress evidence. As the doctrine of collateral estoppel is but a corollary
of double jeopardy, in order for collateral estoppel to be implicated, double jeopardy must first attach. 
Recognizing three separate guarantees, the Double Jeopardy Clause provides protection against subsequent
prosecution for the same offense following acquittal, protection against subsequent prosecution for the same
offense following conviction, and protection against multiple punishments for the same offense. See
Stephens v. State, 806 S.W.2d 812, 816 (Tex. Crim. App. 1990); Ex parte Busby, 921 S.W.2d 389,
390-91 (Tex. App. -- Austin 1996, pet. ref'd). A motion to suppress evidence, however, is merely a
specialized objection to the admissibility of evidence. See Galitz v. State, 617 S.W.2d 949, 952, n. 10
(Tex. Crim. App. 1981); Montalvo v. State, 846 S.W.2d 133, 137-38 (Tex. App.--Austin 1993, no
pet.). As such, it does not fall within any of the categories protected by the Double Jeopardy Clause. 
Double jeopardy, therefore, does not apply to rulings on the admissibility of evidence. See Holmberg v.
State, 931 S.W.2d 3, 5 (Tex. App.--Houston [1st Dist.] 1996, pet. filed). The Holmberg court observed
in its opinion that counsel for appellant was given an opportunity to supply authority for the proposition that
double jeopardy applies to rulings on the admissibility of evidence but that none was ever presented.
6. A number of Texas appellate courts have held that the doctrine of collateral estoppel does not
bar subsequent criminal prosecution for DWI after a license revocation hearing. See Ex parte Pipkin, 935
S.W.2d 213, 217 (Tex. App.--Amarillo 1996, pet. filed) (concluding that the decision of an administrative
law judge in a civil proceeding involving a short-lived, non-punitive sanction does not have binding affect
upon the determination of a person's guilt in a criminal prosecution); Ex parte Poplin, 933 S.W.2d 239,
245 (Tex. App.--Dallas 1996, pet. ref'd) (holding that criminal collateral estoppel does not arise from
administrative license suspension proceedings conducted by an administrative law judge). 

Publish

1. According to one of the findings of fact in the Administrative Decision, Alt submitted to and failed
the breath test.