TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-99-00513-CR

NO. 03-99-00514-CR

Ex parte Michael Kyle Brooks

FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY

NOS. 466-166 & 480-320, HONORABLE DAVID CRAIN, JUDGE PRESIDING

Michael Kyle Brooks appeals from orders denying him relief in these post-conviction misdemeanor habeas corpus proceedings. See Ex parte Jordan, 659 S.W.2d 827, 828
(Tex. Crim. App. 1983); Tex. Code Crim. Proc. Ann. art. 11.09 (West 1977). Brooks is
incarcerated as a result of convictions for assault and violating a protective order. These
convictions were affirmed by this Court in an unpublished opinion, and are now final. Brooks
v. State, Nos. 3-98-295-CR and 3-98-296-CR (Tex. App.--Austin Feb. 25, 1998, not designated
for publication).

The habeas corpus applications are identical. The applications request relief in the
form of an out-of-time appeal, but at the hearing below Brooks indicated that he was seeking a
new trial of these causes.

In the writ applications, in his statements to the court below, and in his pro se
briefs in this Court, Brooks complains of a number of alleged errors and injustices which he
believes have resulted in his unlawful incarceration. Prominent among his many complaints is
the assertion that his former wife, the victim of the assault, committed perjury at his trial. As
evidence of this, Brooks points to various discrepancies and inconsistencies in her testimony. For
example, she testified that she has always worn her hair long; Brooks claims that her high school
yearbook pictures her with short hair. For another example, the victim testified that a photograph
of her after the assault was taken on September 18; Brooks says that it was taken on September
19. Brooks also complains that he was not afforded pretrial discovery, a matter that was raised
and rejected on appeal.

The writ of habeas corpus is an extraordinary remedy, too serious and important
a matter to be lightly regarded or easily abused. See Ex parte Alt, 958 S.W.2d 948, 951 (Tex.
App.--Austin 1998, no pet.). The writ is not to be used as a substitute for appeal. Id. Habeas
corpus lies only to review jurisdictional defects or denials of fundamental or constitutional rights
that render a judgment of conviction void, as opposed to merely voidable. See Ex parte Shields,
550 S.W.2d 670 (Tex. Crim. App. 1977) (op. on reh'g).

The credibility of the victim's testimony and of the other testimony in these causes
was a matter for the jury to decide. There is no evidence before us that the State knowingly used
perjured testimony or acted to prevent Brooks from effectively defending himself at trial, or that
Brooks was in any way deprived of due process so as to render the judgment against him void. 
Brooks's dissatisfaction with the results of his trial and appeal, while understandable, do not alone
entitle him to either a new trial or a new appeal.

The orders denying relief on Brooks's writs of habeas corpus are affirmed.

 

 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: January 21, 2000

Do Not Publish