# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00600-CR

## Ex parte Gerald Zuliani

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
### NO. GV001915, HONORABLE TOM BLACKWELL, JUDGE PRESIDING

This is an appeal from an order denying relief on appellant Gerald Zuliani's application for writ of habeas corpus. We will affirm the order.

On June 8, 2000, in Travis County cause number 0970188, a jury returned a verdict convicting Zuliani of involuntary manslaughter. Act of May 29, 1987, 70th Leg., R.S., ch. 307, § 1, 1987 Tex. Gen. Laws 1698 (Tex. Penal Code Ann. § 19.05(a)(1), since renumbered as § 19.04(a)). On that date, counsel for the State and for Zuliani agreed that if Zuliani elected to have the court assess punishment rather than the jury, the State would not oppose continuing him on $50,000 bail pending appeal. With counsel's assurance that he would remain free on bail pending appeal, Zuliani changed his punishment election. The court assessed a ten-year term of imprisonment and a $10,000 fine. The court set bail pending appeal at $50,000, and Zuliani immediately posted an appeal bond.[1]

---

[1] Zuliani's appeal from the judgment of conviction is pending in this Court as cause number 03-00-00538-CR.

The parties returned to court on August 4 for a hearing on Zuliani's motion for new trial. At the hearing, the court brought it to the attention of counsel for both parties that the relevant statute had been amended to prohibit bail pending the appeal of any person convicted of a felony when the punishment equals or exceeds ten years. Tex. Code Crim. Proc. Ann. art. 44.04(b) (West Supp. 2000). The court revoked bail, discharged the bond, and remanded Zuliani into custody.

Zuliani applied for a writ of habeas corpus alleging that he did not knowingly or voluntarily change his punishment election. He asked the court to set aside the conviction (or at least the sentence) in cause number 0970188 and order his release on bail pending retrial or, alternatively, to order his release on bail pending the appeal from the judgment of conviction. The writ issued and, after a hearing, relief was denied.

Zuliani argues that his waiver of the right to have the jury assess punishment was the product of ineffective assistance of counsel. He contends he would not have agreed to waive his right to have the jury assess punishment had he been told by counsel that he would be ineligible for bail on appeal should the court assess the maximum ten-year term of imprisonment. Zuliani urges that he is entitled to a new trial on the question of punishment. *See Sterry v. State*, 959 S.W.2d 249, 257-58 (Tex. App.—Dallas 1997, no pet.) (defendant denied fair trial at punishment phase where court's misstatements of law caused defendant to waive right to jury).

The writ of habeas corpus is an extraordinary remedy that is available only when there is no other adequate remedy at law. *Ex parte Alt*, 958 S.W.2d 948, 951 (Tex. App.—Austin 1998, no pet.). The writ is not to be used as a substitute for appeal. *Id.* Zuliani's contention that

2

he received ineffective assistance of counsel at trial can and should be raised in his pending appeal from the judgment of conviction. On appeal, should Zuliani prevail on his ineffective assistance claim and should this Court find no basis for reversing the judgment of conviction in its entirety, we may then order a punishment phase retrial.[2] Meanwhile, article 44.04(b) clearly prohibits bail pending the appeal.

The district court's order denying relief is affirmed.

 

 

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Dally[*]

Affirmed

Filed:   October 19, 2000

Do Not Publish

---

[*]   Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).

---

[2]   This is what happened in *Steery*, the case on which Zuliani relies.