NO. 07-01-0079-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JANUARY 17, 2002



______________________________




EX PARTE JOHN MAYTON






_________________________________




FROM THE COUNTY COURT AT LAW OF RANDALL COUNTY;



NO. L-2925; HONORABLE JAMES W. ANDERSON, JUDGE



_______________________________




MEMORANDUM OPINION (1)




Before QUINN and REAVIS and JOHNSON, JJ.



 Proceeding pro se, John Mayton filed a petition for a pretrial writ of habeas corpus
in the County Court at Law of Randall County claiming that the summons on a charge of
obscene display and his misdemeanor bond in cause number 167141, Justice Court
Precinct One, Randall County, was based on a defective charging instrument that rendered
his restraint by virtue of a summons and bond illegal. Following an evidentiary hearing the
petition for writ of habeas corpus was denied and the stay of the proceedings in justice
court was dissolved. Presenting two issues, Mayton contends 1) the initial complaint and
information was insufficient as a matter of law and failed to invoke the jurisdiction of the
justice court, and 2) the unfiled and "revised" complaint and information was insufficient
as a matter of law to invoke the jurisdiction of the justice court. Based upon the rationale
expressed herein, we affirm.

 Habeas corpus is an extraordinary writ and will not be entertained where there is an
adequate remedy at law. Ex parte Groves, 571 S.W.2d 888, 890 (Tex.Cr.App. 1978). 
Habeas corpus may not be used as a substitute for appeal. See Ex parte Hopkins, 610
S.W.2d 479, 480 (Tex.Cr.App. 1980); Ex parte Powell, 558 S.W.2d 480, 481 (Tex.Cr.App.
1977). Moreover, the writ is generally not available before trial to test the sufficiency of the
complaint, information, or indictment. See Ex parte Weise, 55 S.W.3d 617, 620
(Tex.Cr.App. 2001). One exception is when the applicant alleges the statute under which
he is prosecuted is unconstitutional on its face. Id. However, Mayton did not allege that
the obscene display statute, Tex. Pen. Code Ann. 43.22 (Vernon 1994), was facially
unconstitutional. Thus, issues one and two are overruled.

 Accordingly, the judgment of the trial court is affirmed.

 Per Curiam 

Do not publish.
1. Tex. R. App. P. 47.1.