NO. 07-01-0079-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JANUARY 17, 2002

_____

EX PARTE JOHN MAYTON

_____

FROM THE COUNTY COURT AT LAW OF RANDALL COUNTY;

NO. L-2925; HONORABLE JAMES W. ANDERSON, JUDGE

_____

**MEMORANDUM OPINION**[1]

Before QUINN and REAVIS and JOHNSON, JJ.

Proceeding *pro se*, John Mayton filed a petition for a pretrial writ of habeas corpus in the County Court at Law of Randall County claiming that the summons on a charge of obscene display and his misdemeanor bond in cause number 167141, Justice Court Precinct One, Randall County, was based on a defective charging instrument that rendered

_____

[1]Tex. R. App. P. 47.1.

his restraint by virtue of a summons and bond illegal. Following an evidentiary hearing the petition for writ of habeas corpus was denied and the stay of the proceedings in justice court was dissolved. Presenting two issues, Mayton contends 1) the initial complaint and information was insufficient as a matter of law and failed to invoke the jurisdiction of the justice court, and 2) the unfiled and "revised" complaint and information was insufficient as a matter of law to invoke the jurisdiction of the justice court. Based upon the rationale expressed herein, we affirm.

Habeas corpus is an extraordinary writ and will not be entertained where there is an adequate remedy at law. Ex parte Groves, 571 S.W.2d 888, 890 (Tex.Cr.App. 1978). Habeas corpus may not be used as a substitute for appeal. *See* Ex parte Hopkins, 610 S.W.2d 479, 480 (Tex.Cr.App. 1980); Ex parte Powell, 558 S.W.2d 480, 481 (Tex.Cr.App. 1977). Moreover, the writ is generally not available before trial to test the sufficiency of the complaint, information, or indictment. *See* Ex parte Weise, 55 S.W.3d 617, 620 (Tex.Cr.App. 2001). One exception is when the applicant alleges the statute under which he is prosecuted is unconstitutional on its face. *Id*. However, Mayton did not allege that the obscene display statute, Tex. Pen. Code Ann. 43.22 (Vernon 1994), was facially unconstitutional. Thus, issues one and two are overruled.

Accordingly, the judgment of the trial court is affirmed.

Per Curiam

Do not publish.

2