COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT WORTH

 

 

                                        NO.  2-07-138-CR

 

 

EX PARTE

 

 

 

BRENDA LEE SWIFT

 

                                              ------------

 

       FROM COUNTY CRIMINAL COURT NO. 10 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

                                          I.  Introduction

Appellant Brenda Lee Swift
appeals from the trial court=s denial of her special plea and pretrial application for writ of
habeas corpus.  We affirm in part and dismiss
in part for want of jurisdiction.

 








 

                  II.  Factual and Procedural Background

On October 14, 2006, Tarrant
County Sheriff=s Deputy B.
Garcia arrested Appellant for driving while intoxicated (DWI).  After transporting Appellant to the county
jail, Garcia prepared, and presented to a magistrate, a probable cause
affidavit detailing the facts and circumstances surrounding Appellant=s arrest.  Upon reviewing the
affidavit, the magistrate found no probable cause existed to justify the
issuance of an arrest warrant and ordered Appellant released.  Deputy Garcia then turned her case file over
to Detective Stephen Farrow for his review. 
Five days later, Farrow drafted his own affidavit and presented it to
another magistrate who ultimately found sufficient probable cause and issued a
warrant for Appellant=s arrest.  After learning of the warrant, Appellant
voluntarily appeared and posted a $500 bond. 








On October 23, 2006,
Appellant was charged by information with DWI. In response, Appellant filed a
special plea and a pretrial writ of habeas corpus.  In her special plea, Appellant claimed that
she Ahas already been prosecuted [on the DWI charge]@ and that the initial magistrate=s finding of no probable cause served to effectively acquit her of the
offense.  In her writ application, she
argued that, under the doctrine of collateral estoppel, the State could not
relitigate the issue of probable cause by seeking a second arrest warrant from
a different magistrate.  After holding a
hearing on the matter, the trial court denied Appellant=s request for relief and this appeal followed.  She now challenges the propriety of that
ruling. 

                             III.  Pretrial Writ of Habeas Corpus

Habeas corpus is an
extraordinary writ used to challenge the legality of one=s restraint.  Tex. Code Crim. Proc. Ann. art. 11.01
(Vernon 2005).  A defendant may raise by
pretrial habeas corpus claims concerning double jeopardy, collateral estoppel,
and bail, because if he were not allowed to do so, those protections would be
effectively undermined.  Ex parte
Culver, 932 S.W.2d 207, 210 (Tex. App.CEl Paso 1996, pet. ref=d).  However, neither a trial
court nor an appellate court should entertain an application for writ of habeas
corpus where there is an adequate remedy at law.  Headrick v. State, 988 S.W.2d 226, 228
(Tex. Crim. App. 1999); Ex parte Hopkins,
610 S.W.2d 479, 480 (Tex. Crim. App. 1980). 
The burden of establishing entitlement to habeas corpus relief is upon
the writ applicant, and the decision to grant or deny habeas corpus relief is a
matter of discretion, which will not be disturbed on appeal unless the trial
court acted without reference to any guiding principles.  Ex parte Alt, 958 S.W.2d 948, 950
(Tex. App.CAustin 1998,
no pet.).

 








A.     Double Jeopardy

The Double Jeopardy Clause of
the United States Constitution provides: A[N]or shall any person be subject for the same offense to be twice put
in jeopardy of life or limb.@  U.S. Const. amend. V.  The
primary guarantee offered by this constitutional provision is protection
against being subjected to successive prosecutions for the same criminal
offense.  Brown v. Ohio,
432 U.S. 161, 165, 97 S. Ct. 2221, 2225 (1977). 
This aspect of the double jeopardy protection gives finality to the
criminal process and guarantees that an accused who has once stood the ordeal
of criminal prosecution shall not be required to Arun the gauntlet@ of trial
again for the same alleged misconduct.  See
Green v. United States,
355 U.S. 184, 187‑88,
78 S. Ct. 221, 223-24 (1957).

B.     Collateral Estoppel








Embodied within the Fifth
Amendment=s guarantee
against double jeopardy is the related doctrine of collateral estoppel.  See Ashe v. Swenson, 397 U.S. 436, 443, 90 S. Ct.
1189, 1194 (1970).  But these two
concepts are not one and the same. 
Double jeopardy bars any retrial of a criminal offense, while collateral
estoppel bars any retrial of specific and discrete facts that have been fully
and fairly adjudicated.  Ex parte
Watkins, 73 S.W.3d 264, 267 (Tex. Crim. App. 2002).  Double jeopardy applies only to criminal
cases, while collateral estoppel applies in both criminal and civil
proceedings.  Id. at 267-68.  Thus, cases hinging on the doctrine of double
jeopardy do not necessarily apply to a collateral estoppel claim and those
hinging on the doctrine of collateral estoppel do not necessarily apply to a
claim of double jeopardy.  Id. at
268.  The two doctrines are treated
similarly, however, when a collateral estoppel claim falls within the scope of
the Double Jeopardy Clause.  Id.  

As applied within the double
jeopardy framework, collateral estoppel prohibits the relitigation of an
ultimate issue of fact that has been determined by a valid and final judgment.  See Ashe, 397 U.S.
at 443, 90 S. Ct. at 1194.  An Aultimate issue of fact@ is one that is essential to a court=s determination of guilt or innocence. 
Neaves v. State, 767 S.W.2d 784, 787 (Tex. Crim. App. 1989).  Once determined, that issue cannot again be
litigated between the same parties in any future lawsuit.  Ashe, 397 U.S.
at 443, 90 S. Ct. 1189.

C.     Application








In this case, Appellant
attempts to raise her collateral estoppel claim through a pretrial writ of
habeas corpus.  However, unless
her application for habeas relief presents a collateral estoppel claim falling
within the scope of the double jeopardy clause, her claim is not cognizable by
writ of habeas corpus.  See Watkins,
73 S.W.3d at 274 n.39; Headrick, 988 S.W.2d at 228 (holding collateral
estoppel claims not raising constitutional double jeopardy violations may not
be brought through pretrial habeas application). 








Logic dictates that before
any criminal defendant can successfully invoke any aspect of double jeopardy,
including collateral estoppel, he must have first been twice placed in
jeopardy.  State v. Smiley, 943
S.W.2d 156, 156-57 (Tex. App.CAmarillo 1997, no pet.).  This
was illustrated by the court of criminal appeals in its holding in Ex parte
Robinson.  641 S.W.2d 552 (Tex. Crim. App. [Panel Op.] 1982).  In Robinson, the accused was
charged with aggravated assault and carrying a weapon on a licensed
premise.  The charges were dismissed when
a justice of the peace found no probable cause to bind the accused over to the
grand jury.  Subsequently, the State
charged him with the same offenses.  He
challenged the legality of his restraint by pretrial writ of habeas corpus Aunder that doctrine of double jeopardy law known as
collateral estoppel.@  Id. at 553.  However, the trial court denied his requested
relief.  On appeal, the court of criminal
appeals held that an accused in a second proceeding for the same offense had a
right to challenge the legality of his second prosecution by pretrial writ of
habeas corpus under the Double Jeopardy Clause of the United States
Constitution.  Id.
at 554‑55 (citing Abney v. United States, 431 U.S. 651, 660‑61, 97 S.
 Ct. 2034, 2041 (1977)). 
However, the court went on to find that the accused=s collateral estoppel claims did not come within the
protections provided by the Double Jeopardy Clause.  Id.
at 556.  The court said collateral
estoppel was inapplicable because Robinson had not yet been placed in jeopardy
by simply being afforded an examining trial, nor was his discharge at the
examining trial a final judgment.  Id.

Here, like in Robinson,
Appellant has not yet been put in jeopardy for the DWI offense.  The record indicates that Appellant elected
to have a jury trial. However, in a jury trial, jeopardy does not attach until
the jury is impaneled and sworn.  Crist
v. Bretz, 437 U.S. 28,
38, 98 S. Ct. 2156, 2162 (1978); Alvarez v.
State, 864 S.W.2d 64, 65 (Tex. Crim. App. 1993).    As this appeal stems from the denial of a pretrial
application for habeas relief, it is clear that a jury has not yet been
impaneled or sworn and, thus, jeopardy has not attached.  Therefore, Appellant has failed to present a
collateral estoppel claim based upon a violation of the Double Jeopardy Clause,
and, as such, her claim is not cognizable by way of a pretrial writ of habeas
corpus.[2]  See Headrick, 988 S.W.2d at 228-29.








 

 

                                         IV.  Special Plea

Additionally, we
lack jurisdiction to review the trial court=s denial of Appellant=s special plea. 
While a criminal defendant may file a special plea in order to assert a
claim of former jeopardy, Tex. Code
Crim. Proc. Ann. art. 27.05 (Vernon 2006), there is no statutory
provision which grants us jurisdiction to review the denial of a special plea
before a final judgment has been rendered. 
Apolinar v. State, 820 S.W.2d 792, 794 (Tex. Crim. App.
1991).  Here, Appellant appeals from the
trial court=s pretrial denial of her special plea.  As a final judgment has not yet been rendered
in this case, we lack jurisdiction to review the trial court=s ruling on the special plea.  

                                          V.  Conclusion

Having concluded
that Appellant=s collateral estoppel claim is not cognizable through a
pretrial writ of habeas corpus, we affirm the trial court=s order denying habeas corpus relief.  Additionally, we dismiss for want of
jurisdiction Appellant=s appeal from the denial of her special plea.

 

ANNE GARDNER

JUSTICE

 

PANEL F:    HOLMAN, GARDNER, and WALKER, JJ.

 








DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  August 9, 2007











[1]See Tex. R. App. P. 47.4.

 





[2]Our
holding is that Appellant=s
claim is not cognizable on writ of habeas corpus, not that we do not have
jurisdiction to review the trial court=s denial of the writ.  Cognizability and jurisdiction are different
issues, the former addresses the use of the writ of habeas corpus and the
latter addresses our authority to hear the appeal.  We have jurisdiction over the appeal from the
denial of the relief sought in Appellant=s application for writ of
habeas corpus.  See Ex parte
McCullough, 966 S.W.2d 529, 531 (Tex. Crim. App. 1998).  However, we conclude that her claim is simply
not cognizable under the writ.  See
id.