COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-07-138-CR

EX PARTE

BRENDA LEE SWIFT

------------

FROM COUNTY CRIMINAL COURT NO. 10 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Brenda Lee Swift appeals from the trial court’s denial of her special plea and pretrial application for writ of habeas corpus.  We affirm in part and dismiss in part for want of jurisdiction.

II.  Factual and Procedural Background

On October 14, 2006, Tarrant County Sheriff’s Deputy B. Garcia arrested Appellant for driving while intoxicated (DWI).  After transporting Appellant to the county jail, Garcia prepared, and presented to a magistrate, a probable cause affidavit detailing the facts and circumstances surrounding Appellant’s arrest.  Upon reviewing the affidavit, the magistrate found no probable cause existed to justify the issuance of an arrest warrant and ordered Appellant released.  Deputy Garcia then turned her case file over to Detective Stephen Farrow for his review.  Five days later, Farrow drafted his own affidavit and presented it to another magistrate who ultimately found sufficient probable cause and issued a warrant for Appellant’s arrest.  After learning of the warrant, Appellant voluntarily appeared and posted a $500 bond. 

On October 23, 2006, Appellant was charged by information with DWI. In response, Appellant filed a special plea and a pretrial writ of habeas corpus.  In her special plea, Appellant claimed that she “has already been prosecuted [on the DWI charge]” and that the initial magistrate’s finding of no probable cause served to effectively acquit her of the offense.  In her writ application, she argued that, under the doctrine of collateral estoppel, the State could not relitigate the issue of probable cause by seeking a second arrest warrant from a different magistrate.  After holding a hearing on the matter, the trial court denied Appellant’s request for relief and this appeal followed.  She now challenges the propriety of that ruling. 

III.  Pretrial Writ of Habeas Corpus

Habeas corpus is an extraordinary writ used to challenge the legality of one’s restraint.  
Tex. Code Crim. Proc. Ann.
 art. 11.01 (Vernon 2005).  A defendant may raise by pretrial habeas corpus claims concerning double jeopardy, collateral estoppel, and bail, because if he were not allowed to do so, those protections would be effectively undermined.  
Ex parte Culver
, 932 S.W.2d 207, 210 (Tex. App.—El Paso 1996, pet. ref’d).  However, neither a trial court nor an appellate court should entertain an application for writ of habeas corpus where there is an adequate remedy at law. 
 Headrick v. State, 
988 S.W.2d 226, 228 (Tex. Crim. App. 1999); 
Ex parte Hopkins
, 610 S.W.2d 479, 480 (Tex. Crim. App. 1980).  The burden of establishing entitlement to habeas corpus relief is upon the writ applicant, and the decision to grant or deny habeas corpus relief is a matter of discretion, which will not be disturbed on appeal unless the trial court acted without reference to any guiding principles.  
Ex parte Alt
, 958 S.W.2d 948, 950 (Tex. App.—Austin 1998, no pet.).

A. Double Jeopardy

The Double Jeopardy Clause of the United States Constitution provides: “[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb.”  U.S. 
Const
. amend. V.  The primary guarantee offered by this constitutional provision is protection against being subjected to successive prosecutions for the same criminal offense.  
Brown v. Ohio
, 432 U.S. 161, 165, 97 S. Ct. 2221, 2225 (1977).  This aspect of the double jeopardy protection gives finality to the criminal process and guarantees that an accused who has once stood the ordeal of criminal prosecution shall not be required to “run the gauntlet” of trial again for the same alleged misconduct.  
See Green v. United States,
 355 U.S. 184, 187-88, 78 S. Ct. 221, 223-24 (1957).

B. Collateral Estoppel

Embodied within the Fifth Amendment’s guarantee against double jeopardy is the related doctrine of collateral estoppel.  
See Ashe v. Swenson
, 397 U.S. 436, 443, 90 S. Ct. 1189, 1194 (1970).  But these two concepts are not one and the same.  Double jeopardy bars any retrial of a criminal offense, while collateral estoppel bars any retrial of specific and discrete facts that have been fully and fairly adjudicated.  
Ex parte Watkins
, 73 S.W.3d 264, 267 (Tex. Crim. App. 2002).  Double jeopardy applies only to criminal cases, while collateral estoppel applies in both criminal and civil proceedings.  
Id. 
at 267-68.  Thus, cases hinging on the doctrine of double jeopardy do not necessarily apply to a collateral estoppel claim and those hinging on the doctrine of collateral estoppel do not necessarily apply to a claim of double jeopardy.  
Id. 
at 268.  The two doctrines are treated similarly, however, when a collateral estoppel claim falls within the scope of the Double Jeopardy Clause.  
Id.
  

As applied within the double jeopardy framework, collateral estoppel prohibits the relitigation of an ultimate issue of fact that has been determined by a valid and final judgment. 
 See Ashe
, 397 U.S. at 443, 90 S. Ct. at 1194.
  An “ultimate issue of fact” is one that is essential to a court’s determination of guilt or innocence.  
Neaves v. State
, 767 S.W.2d 784, 787 (Tex. Crim. App. 1989).  Once determined, that issue cannot again be litigated between the same parties in any future lawsuit.  
Ashe
, 397 U.S. at 443, 90 S. Ct. 1189.

C. Application

In this case, Appellant attempts to raise her collateral estoppel claim through a pretrial writ of habeas corpus.  
However,
 
unless her application for habeas relief presents a collateral estoppel claim falling within the scope of the double jeopardy clause, her claim is not cognizable by writ of habeas corpus.  
See Watkins
, 73 S.W.3d at 274 n.39; 
Headrick
, 988 S.W.2d at 228 (holding collateral estoppel claims not raising constitutional double jeopardy violations may not be brought through pretrial habeas application). 

Logic dictates that before any criminal defendant can successfully invoke any aspect of 
double 
jeopardy, including collateral estoppel, he must have first been 
twice 
placed in jeopardy.  
State v. Smiley, 
943 S.W.2d 156, 156-57 (Tex. App.—Amarillo 1997, no pet.).  This was illustrated by the court of criminal appeals in its holding in 
Ex parte Robinson. 
 
641 S.W.2d 552 (Tex. Crim. App. [Panel Op.] 1982). 
 
In 
Robinson
, the accused was charged with aggravated assault and carrying a weapon on a licensed premise.  The charges were dismissed when a justice of the peace found no probable cause to bind the accused over to the grand jury.  Subsequently, the State charged him with the same offenses.  He challenged the legality of his restraint by pretrial writ of habeas corpus “under that doctrine of double jeopardy law known as collateral estoppel.”  
Id. 
at 553.  However, 
the trial court denied his requested relief.  
On appeal, the court of criminal appeals held that an accused in a second proceeding for the same offense had a right to challenge the legality of his second prosecution by pretrial writ of habeas corpus under the Double Jeopardy Clause of the United States Constitution. 
 Id.
 at 554-55 (citing 
Abney v. United States
, 431 U.S. 651, 660-61, 97 S. Ct. 2034, 2041 (1977)).  However, the court went on to find that the accused’s collateral estoppel claims did not come within the protections provided by the Double Jeopardy Clause.  
Id.
 at 556.  The court said collateral estoppel was inapplicable because Robinson had not yet been placed in jeopardy by simply being afforded an examining trial, nor was his discharge at the examining trial a final judgment.  
Id.

Here, like in 
Robinson,
 Appellant has not yet been put in jeopardy for the DWI offense.  The record indicates that Appellant elected to have a jury trial. However, in a jury trial, jeopardy does not attach until the jury is impaneled and sworn.  
Crist v. Bretz
, 437 U.S. 28, 38, 98 S. Ct. 2156, 2162 (1978); 
Alvarez v. State
, 864 S.W.2d 64, 65 (Tex. Crim. App. 1993).    As this appeal stems from the denial of a pretrial application for habeas relief, it is clear that a jury has not yet been impaneled or sworn and, thus, jeopardy has not attached.  Therefore, Appellant has failed to present a collateral estoppel claim based upon a violation of the Double Jeopardy Clause, and, as such, her claim is not cognizable by way of a pretrial writ of habeas corpus.
(footnote: 2) 
 
See Headrick, 
988 S.W.2d at 228-29.

IV.  Special Plea

Additionally, we lack jurisdiction to review the trial court’s denial of Appellant’s special plea.  While a criminal defendant may file a special plea in order to assert a claim of former jeopardy, 
Tex. Code Crim. Proc. Ann.
 art. 27.05 (
Vernon 2006), there is no statutory provision which grants us jurisdiction to review the denial of a special plea before a final judgment has been rendered.  
Apolinar v. State, 
820 S.W.2d 792, 794 (Tex. Crim. App. 1991).  Here, Appellant appeals from the trial court’s 
pretrial
 denial of her special plea.  As a final judgment has not yet been rendered in this case, we lack jurisdiction to review the trial court’s ruling on the special plea.  

V.  Conclusion

Having concluded that Appellant’s collateral estoppel claim is not cognizable through a pretrial writ of habeas corpus, we affirm the trial court’s order denying habeas corpus relief.  Additionally, we 
dismiss for want of jurisdiction Appellant’s appeal from the denial of her special plea.

ANNE GARDNER

JUSTICE

PANEL F: HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P
. 47.2(b)

DELIVERED:  August 9, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
Our holding is that Appellant’s claim is not cognizable on writ of habeas corpus, not that we do not have jurisdiction to review the trial court’s denial of the writ.  Cognizability and jurisdiction are different issues, the former addresses the use of the writ of habeas corpus and the latter addresses our authority to hear the appeal.  We have jurisdiction over the appeal from the denial of the relief sought in Appellant’s application for writ of habeas corpus.  
See Ex parte McCullough
, 966 S.W.2d 529, 531 (Tex. Crim. App. 1998).  However, we conclude that her claim is simply not cognizable under the writ.  
See id.