# NOS. 12-09-00388-CR
# 12-09-00389-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TERRY DWAIN TURNER,*<br>*APPELLANT* | § | *APPEALS FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW #3* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Terry Turner appeals from the trial court's denial of his petition for a writ of habeas corpus. The State did not file a brief. We affirm.

## BACKGROUND

Appellant was arrested by the City of Tyler Police Department on or about August 10, 2007, for the misdemeanor offense of harassment. Appellant alleges that he was charged with that offense in two separate cases. Specifically, he alleges that he was charged with violating the part of the statute which makes it an offense for a person to, "with intent to harass, annoy, alarm, abuse, torment, or embarrass another, . . . cause[] the telephone of another to ring repeatedly or make[] repeated telephone communications anonymously or in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another."[1]

On August 17, 2009, Appellant filed a pretrial petition for writ of habeas corpus in which he alleged that he was restrained in his liberty because he was under bond. Appellant asked the

---

[1] TEX. PENAL CODE ANN. § 42.07(a)(4) (Vernon 2003).

1

trial court to find the statute unconstitutional and to "dismiss the indictment." The trial court denied relief following a hearing. This appeal followed.

**W<small>RIT OF</small> H<small>ABEAS</small> C<small>ORPUS</small>**

In one issue, Appellant asserts that the section of the harassment statute which makes it an offense to place certain kinds of unwanted telephone calls is facially unconstitutional. Specifically, he argues that the statute is vague and therefore overbroad and violative of the free speech protections contained in the First Amendment to the United States Constitution.

## Prerequisites of a Writ of Habeas Corpus

A writ of habeas corpus is a remedy to be used when any person is "restrained in his liberty." T<small>EX</small>. C<small>ODE</small> C<small>RIM</small>. P<small>ROC</small>. A<small>NN</small>. art. 11.01 (Vernon 2005). The judges of the court of criminal appeals, the district courts, and the county courts have the power to issue the writ of habeas corpus. T<small>EX</small>. C<small>ODE</small> C<small>RIM</small>. P<small>ROC</small>. A<small>NN</small>. art. 11.09 (Vernon 2005). A petition for a writ of habeas corpus must state that the applicant is restrained in his liberty, must include a prayer for relief, and must be made under oath. *See* T<small>EX</small>. C<small>ODE</small> C<small>RIM</small>. P<small>ROC</small>. A<small>NN</small>. art. 11.14 (Vernon 2005). Every provision relating to the writ of habeas corpus is to be "most favorably construed in order to give effect to the remedy, and protect the rights of the person seeking relief under it." T<small>EX</small>. C<small>ODE</small> C<small>RIM</small>. P<small>ROC</small>. A<small>NN</small>. art. 11.04 (Vernon 2005).

A county court at law has the power to issue a writ of habeas corpus when a person is restrained by an "accusation or conviction of misdemeanor." *See **Ex parte Schmidt***, 109 S.W.3d 480, 483 (Tex. Crim. App. 2003) (harmonizing Article V, section 16 of the Texas Constitution, Section 25.0003(a) of the Government Code, and Article 11.05 of the Code of Criminal Procedure). It is not required that the applicant for a writ of habeas corpus be actually confined in a jail. ***Ex parte Williams***, 690 S.W.2d 243, 244 (Tex. 1985). Any character of restraint, including being placed on bond, that precludes absolute and perfect freedom of action will justify the issuance of the writ. *See **Hensley v. Municipal Court***, 411 U.S. 345, 352, 93 S. Ct. 1571, 1575, 36 L. Ed. 2d 294 (1973); ***Ex parte Trillo***, 540 S.W.2d 728, 731 (Tex. 1976), *overruled on other grounds*, ***Aguilar v. State***, 621 S.W.2d 781, 785 (Tex. Crim. App. 1981).

The writ applicant bears the burden of demonstrating that he is entitled to relief. The decision to grant or deny habeas corpus relief is a matter of discretion, which will not be disturbed on appeal unless the trial court acted without reference to any guiding principles. ***Id.***; *See **Ex***

*parte Alt*, 958 S.W.2d 948, 950 (Tex. App.–Austin 1998, no pet.). A defendant may bring a claim that a statute "under which he or she is prosecuted is unconstitutional on its face" in a pretrial petition for writ of habeas corpus. *See Ex parte Weise*, 55 S.W.3d 617, 620 (Tex. Crim. App. 2001).

**Analysis**

In *Scott v. State*, 298 S.W.3d 264, 273 (Tex. App.–San Antonio 2009, pet. granted), the court of appeals held that the part of the harassment statute which pertains to unwanted telephone calls was unconstitutional. In his brief, Appellant adopts that decision as his argument[2] and makes no additional arguments. After Appellant filed his brief, the Texas Court of Criminal Appeals overruled the *Scott* decision. *See Scott v. State*, 322 S.W.3d 662, 671 (Tex. Crim. App. 2010).

Though the *Scott* decision demonstrates that Appellant's claim is without merit, we cannot be sure this is the question the trial court decided in this case. Appellant has alleged in various parts of his pleadings and briefs that he was charged by information, by indictment, and that he is on pretrial bond. However, the appellate record does not indicate that Appellant was ever charged by information or by indictment with any offense nor does it reveal that he was released on bond.[3] No indictment or information appears in the appellate record.[4] The record contains a computer generated docket and a handwritten docket. The computer generated docket has a section entitled "Charge Information." In that section, the docket lists an arrest by the "Tyler Police Department" for the offense of harassment. The docket does not show that an actual charge was filed or presented. The docket contains an entry for a date on which the case was "Filed" and an entry for "Status." The "Status" is recorded as "Filed" and the date is recorded as "08/17/2009," which is the same date Appellant's writ petition was filed. The first entry in the handwritten docket pertains to Appellant's writ petition.

In sum, we cannot conclude that Appellant has demonstrated that he was under any

---

[2] Appellant's adoption of this opinion as his own argument is formal. In his brief, Appellant forthrightly suggests that the "argument section of this brief could simply put quotes around" the *Scott* decision.

[3] The appellate record does not contain a reporter's record.

[4] Appellant specifically requested a copy of the "complaint" in his request for a clerk's record. No complaint was included in the appellate record. At our direction, an employee of this court's clerk's office asked the county clerk's office to provide a copy of the charging information. The clerk's office reported that the trial court's record did not contain a charging instrument.

restraint at the time the trial court denied relief. The record contains no evidence that Appellant was ever charged with an offense or that he was on pretrial bond at the time he filed his petition for writ of habeas corpus. Furthermore, Appellant filed his petiton outside the two year statute of limitations for a misdemeanor offense. *See* TEX. CODE CRIM. PROC. ANN. art. 12.02 (Vernon Supp. 2010). Accordingly, based on the record before us, we cannot conclude that the trial court erred if it determined Appellant was not restrained at the time he filed his writ. Because restraint is a prerequisite to habeas corpus relief, we overrule Appellant's sole issue.

### DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the judgment of the trial court.

JAMES T. WORTHEN
Chief Justice

Opinion delivered February 28, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

4